## BLITCH *v.* CENTRAL OF GEORGIA RAILWAY CO.

Where, by a written contract, a railroad company gave to the other party to the contract the right to maintain a warehouse on its right of way, the tenant agreeing on his part to "save and hold harmless the company, its successors and assigns, from all damage, injury, or liability that may arise from the destruction or injury of any building, improvement, or personal property of any description, by fire, or from any other cause whatever, whether

the same should be attributable to the negligence of the employees of said company or not, where such damage, injury, or liability is caused or increased by reason of the use of the premises hereunder," the company was not liable to the tenant for the destruction of the warehouse by fire presumably communicated from 'one of its trains, it being neither alleged nor proved that the communication of the fire to the warehouse was caused by the gross negligence of the company.

Argued February 11,—Decided May 11, 1905.

Action for damages.    Before Judge Daley.    Bulloch superior court.    May 25, 1904.

*J. A. Brannen,* for plaintiff.    *Lawton & Cunningham* and *Groover & Johnston,* for defendant.

FISH, P. J.    Blitch brought an action for damages against the Central of Georgia Railway Company, on account of the destruction by fire of his warehouse and its contents, alleged to have been caused by the negligence of the defendant.    On the trial the plaintiff submitted evidence sufficient to authorize the inference that fire was communicated to the building from an engine of the defendant or from a stove in one of its cars on a sidetrack adjacent to the warehouse.    The value of the building and its contents was proved.    It appeared that at the time of the fire the warehouse was being maintained on the defendant's right of way under a contract between the plaintiff and the defendant, of which the following are the material parts:    "This agreement, made on the first day of February, 1902, between Wm. H. Blitch, of the County of Bulloch, State of Georgia, of the first part, hereinafter called the tenant, and the Central of Georgia Railway Company, of the second part, hereinafter called the company, witnesseth :.  That whereas said tenant desires, with the permission of the company, to occupy a portion of the right of way or land of the company, for the purpose of maintaining thereon a seedhouse 18x60 feet, same to be painted [in manner described] and moved at the expense of the railroad company, . . not to be used exclusively as a seed-house, but the said Blitch has the privilege of storing fertilizers or other merchandise for sale, said house to be located on the company's side-track, for receiving and discharging freight conveniently, . . and whereas the tenant is not desirous of affecting in any manner the right of the company to the full and undisturbed possession of the premises, nor of inter-

fering in any way with any of the rights of the company relative thereunto; and whereas the company has consented to license, for the time being, the tenant to occupy the premises aforesaid; now therefore, in consideration of the premises and license aforesaid, the tenant hereby covenants and agrees with the company, its successors and assigns, as follows: First. That the tenant will save and hold harmless the company, its successors and assigns, from all damage, injury, or liability that may arise from the destruction or injury of any building, improvement, or personal property of any description, by fire or from any other cause whatever, whether the same should be attributable to the negligence of the employees of said company or not, where such damage, injury, or liability is caused or increased by reason of the use of the premises hereunder." The contract also provided that the company should not be held liable for damage on account of injuries to the person, growing out of the occupancy of the premises by the plaintiff, and that the plaintiff would not set up any title to the property as against the company, but would hold it merely as tenant at will. The defendant relied solely on this contract as a defense to the suit brought against it. At the conclusion of the evidence the court directed a verdict in its favor, and the plaintiff excepted.

It will be seen that the decision of this case turns upon the construction to be given the contract from which we have quoted. The only contention made by the plaintiff is that a proper construction of the instrument does not relieve the company from liability in this case. Therefore the question is, what does the contract mean? The plaintiff contends that the provision that "the tenant will save and hold harmless the company . . from all damage, injury, or liability that may arise from the destruction or injury of any building, . . where such damage, injury, or liability is caused or increased by reason of the use of the premises hereunder," was merely an agreement on his part that he would not sue the company in any case where his use of the building caused or contributed to the injury. On the other hand, it is urged by the defendant that the contract was intended to indemnify it against any loss or damage which might arise by reason of the occupancy of its right of way by the warehouse of the plaintiff; that this contract of indemnity was as broad as

language could make it, and fully covered the present case.    A careful reading of the instrument inclines us to the latter construction of its terms.    To hold that the contract evidenced an intention merely to prevent the plaintiff from suing when the injury was the result of his own negligence would be to render it practically nugatory; for independently of the contract the plaintiff could not recover under such circumstances.    The railroad company granted to the plaintiff a valuable concession, viz., the right to maintain a warehouse on its right of way.    Apparently no money consideration passed for the grant of this right.    But it was the evident intention of the company, as disclosed by the contract in evidence, to stipulate against any increased risk on its part which might arise by reason of the grant of this concession; and therefore it was provided that the tenant should both release and indemnify the company against any loss or damage to buildings, by fire or otherwise, growing out of the occupancy of the right of way by the plaintiff's warehouse.    This construction seems to us the only reasonable one that can be given the agreement.    As construed by the plaintiff the contract would amount to no more than the grant of a privilege by the railroad company, in return for which the plaintiff agreed not to do that which the law would not permit him to do in any event.    Applying the well-settled rule of construction that where the language of a contract is ambiguous, that meaning should be given it which will give effect to its terms, rather than that which will render them ineffective, this construction must be rejected.

It is argued by counsel for the plaintiff that the final clause of the paragraph of the contract now under consideration, to wit, "where such damage, injury, or liability is caused or increased by reason of the use of the premises hereunder," is a limitation on the agreement of the tenant not to sue; that the paragraph would be complete without this clause; and that the effect of these words was to restrict the agreement of the tenant to such cases of loss or damage as were caused by his own negligence.    Omitting this final clause, the paragraph would read as follows: "The tenant will save and hold harmless the company, its successors and assigns, from all damage, injury, or liability that may arise from the destruction or injury of any building, improvements, or personal property of any description, by fire or from any other

cause whatever, whether the same should be attributable to the negligence of the employees of said company or not." This would be a general agreement to indemnify the company for loss of his property, anywhere or on any account, regardless of whether the loss was connected in any manner with the transaction to which the contract related. It is apparent on the face of the instrument that this was not intended, and that the final words of the paragraph are words of limitation only in the sense that they restrict the liability assumed by the tenant to such loss and damage as should arise from the use of the "premises hereunder;" and it can hardly be contended that the words "premises hereunder" do not include equally the right of way of the company and the warehouse of the tenant.

It is also contended that the word "negligence" in the contract, unaccompanied by any qualifying word, means "simple negligence;" that the plaintiff did not undertake under any circumstances to be responsible for the gross negligence of the defendant, and that the jury should have been allowed to determine the degree of negligence of which the defendant was guilty. A complete reply to this contention is that the plaintiff neither alleged nor proved gross negligence. Our conclusion is that the proper construction was given to the contract by the court below, and that it was not error to direct a verdict for the defendant.

*Judgment affirmed. All the Justices concur, except Candler, J., absent, and Lumpkin J., not presiding.*