### 4036.  BROWN v. SMITH & KELLY COMPANY.

RUSSELL, J.  Even if, under the allegations of the petition, the relation of master and servant between the parties had not been dissolved by the discharge of the plaintiff, he could not recover; for, according to the allegations of the petition (and assuming that the relation of master and servant still existed), the foreman, in inflicting the injury in question, stepped aside, although temporarily, from the performance of the duties of the master, to engage in a matter wholly different therefrom and beyond the scope of his authority, and the master is not charged with the results of such unauthorized act. *Savannah Railway Co.* v. *Hodges*, 6 *Ga. App.* 470 (65 S. E. 322); *Lynch* v. *Florida Central & Peninsular R. Co.*, 113 *Ga.* 1105 (39 S. E. 411, 54 L. R. A. 810). Upon this view of the case, the court properly sustained the general demurrer.     *Judgment affirmed.  Hill, C. J., dissents.*

DECIDED FEBRUARY 4, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman.  January 15, 1912.

The action was for damages on account of the homicide of the plaintiff's husband, William Brown.  The petition alleged, that on August 9, 1910, he was a laborer employed by the defendant company, which was engaged in the business of stevedore, and that J. J. Dougherty was the defendant's foreman or overseer in charge of its stevedore work, under whom Brown worked; that Brown was colored, and Dougherty was known as a fighter and bully, who hated negroes and always had trouble with them, and was well known as a dangerous man among negroes; and reasonable inquiry would have put the defendant on notice of his character and disposition, and of his incompetency resulting therefrom, and, therefore, the defendant did not exercise ordinary care in the selection of this servant, as it was its duty to have done; that on the said date Dougherty became angered at Brown, and discharged him, and Brown then asked that he be paid his time; whereupon Dougherty cursed, abused, and threatened him; and slandered him in the presence of fellow workmen, and Brown started to the defendant's office, declaring it his intention to complain to an officer of the company; that, when in front of the company's office, Dougherty, without just cause or legal provocation, struck him on the head, felling him senseless, with a large monkey-wrench, which Dougherty carried wrapped in a newspaper; and, from the effects of the said blow, Brown died; that the said cursing and abuse, at the time of the refusal to pay him his time, and the accompanying

fatal assault by Dougherty, were done in the prosecution of the company's business, and Dougherty was acting within the scope of the master's authority; that Brown was in the exercise of all ordinary and reasonable care and caution for his own safety, was unarmed and unable to resist the attack, did not consent to it or provoke it, and could not have avoided it by ordinary care; and that his death was due solely to the negligence of the defendant, its agents and employees, (*a*) in having employed and put over the deceased an incompetent superior, to wit, a cruel, brutal man known to hate negroes and create trouble with them; which the defendant knew, or, in the exercise of ordinary care in selecting, could and should have known; (*b*) in keeping the said Dougherty employed after knowledge of his incompetency for the service desired, which fact was known to the defendant prior to the death of the deceased; and (*c*) because of the unprovoked and unjustifiable assault made by the said Dougherty on the said Brown in the performance of his duties and within the scope of his employment.

*Twiggs & Gazan,* for plaintiff.

*O'Byrne, Hartridge & Wright,* for defendant.