ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error*, v. WAUCHULA MANUFACTURING AND TIMBER COMPANY, *Defendant in Error*.

Opinion Filed January 20, 1914.

Rehearing Denied February 11, 1914.

Where mere negligence is alleged, and the plea avers a valid release "from all liability    *    *    caused by the negligence of said defendant as alleged in said declaration," a contract exempting the defendant from liability, "excepting such injury, loss or damage as may be directly occasioned by the gross negligence of the" defendant, is not fatally variant from the averments of the plea.

Writ of Error to Circuit Court for Hillsboro County; F. M. Robles, Judge.

Judgment reversed.

*Sparkman & Carter*, for Plaintiff in Error;

*C. C. Whitaker* and *W. F. Himes*, for Defendant in Error.

WHITFIELD, J.—The declaration alleges that the railroad company was possessed of and using a certain sidetrack as a part of its line of railroad which sidetrack was immediately adjacent to the plaintiff's buildings; that the railroad company was possessed of and using a certain locomotive engine upon its said/line of railroad and the said engine was then and there by the defendant so carelessly and negligently equipped, maintained, managed and operated, that by means thereof, while the said locomotive engine was upon the siding referred to, particles of fire were carelessly and negligently emitted and scattered from said engine and by the particles of fire so emitted and scattered, the said building and contents thereof were burned, &c. A trial was had on pleas of not guilty and also that by contract the defendant was released "from any liability on account of any property burned that was contiguous to said sidetrack caused by the negligence of said defendant in the operation of its locomotives upon said sidetrack * * * as alleged in said declaration." There was judgment for the plaintiff, and the defendant took writ of error. At the trial the defendant in support of the special plea offered in evidence a contract to hold the defendant harmless "saving and excepting such injury, loss or damage as may be directly occasioned by the gross negligence of the" defendant.

Objection to the introduction of such contract as evidence was made "upon the ground that the contract offered in evidence is at variance with the allegations of the * plea setting up said contract." The objection was sustained and an exception noted. As only simple negligence was alleged, and as the contract released the defendant except for "gross negligence," the contract was not variant from the plea which averred

the contract as a defense to the negligence "as alleged
in said declaration." "Gross negligence" includes "neg-
ligence," but "negligence" may not include "gross neg-
ligence."

The statutory liability of a railroad company to com-
pensate for any damage done to persons or property by
the running of the trains of such company, is not confined
to cases of gross negligence of a defendant, and the
degree of negligence alleged may not be material. See
McGrady v. Charlotte Harbor & Northern Ry. Co., and
Florida East Coast Ry. Co. v. Geiger, decided at the last
term. But where the statutory liability is by a valid
contract limited to cases of "gross negligence" the degree
of negligence shown may be material to liability. In
this case the statutory liability is by contract expressly
reduced and limited to "such injury, loss or damage as
may be directly occasioned by the gross negligence of
the" defendant. The declaration alleges merely that the
defendant "carelessly and negligently" caused the loss
complained of. The plea averring that the plaintiff was
by contract released from the "negligence  *  *  *  as
alleged in said declaration" presented a defense to an
action for mere simple negligence, and the contract offered
in support of the plea was not variant from the aver-
ments of the plea and was erroneously excluded. Such
error was material to the defendant's liability. See
Blitch v. Central of Georgia R. Co., 122 Ga. 711, 50 S. E.
Rep. 945. The liability of the defendant as a common
carrier is not involved here. Summerlin v. S. A. L. Ry.,
56 Fla. 687, 47 South. Rep. 557; 131 Am. St. Rep.
164, 19 L. R. A. (N. S.) 191. Hartford Fire Ins. Co. v.
Chicago, M. & St. P. Ry. Co., 175 U. S. 91; 20 Sup. Ct.
Rep. 33; Missouri, K. & T. R. Co. of Texas v. Carter, 95

Tex. 461, 68 S. W. Rep. 159; 33 Cyc. 1330; Thompson on Negilgence, Sec. 2237.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.

*On Rehearing.*

PER CURIAM.—The validity or the binding effect of the contract upon the plaintiff below has not been adjudicated by the court in holding that the contract offered in evidence is not variant from the defendant's plea.

Rehearing denied.