16570.   BUSSELL v. DANNENBERG COMPANY et al.

1. An allegation that a certain person is the general manager of a corporation, when not qualified by anything else, amounts to an allegation that he is the alter ego of the company in the management of its corporate affairs.

2. A complaint for damages against a corporation for an assault and battery upon the plaintiff by the company's general manager, showing that the assault and battery was unlawful and that it occurred in the defendant's office and place of business while the plaintiff was lawfully there as an invitee for the purpose of transacting, with the general manager, business which appertained to his agency, and while he was actually engaged in the transaction of such business, sets forth a cause of action against the company.

3. There is no presumption that an employer and an employee are operating under the provisions of the workmen's compensation act where it does not appear that the employer regularly had in service as many as ten employees in the same business within this State.

DECIDED NOVEMBER 17, 1925.   REHEARING DENIED FEBRUARY 19, 1926.

Action for damages; from Bibb superior court—Judge Malcolm D. Jones.   May 7, 1925.

C. V. Bussell sued W. M. Collins and the Dannenberg Company, a corporation, for damages on account of an alleged assault and battery by Collins, the agent and general manager of the company.   The third paragraph of the petition sets forth the act complained of as follows: "And your petitioner shows that in February, 1924, he was employed in the State of Alabama for a good salary, and that the Dannenberg Company, acting through W. M. Collins, its secretary and treasurer and general manager, desired your petitioner's services in connection with the business of the Dannenberg Company, being operated in the City of Macon, said county and State, and induced your petitioner to leave the position he held and to move to Macon and take charge of one of the departments of the business operated by the Dannenberg Company, at a salary of $300 per month and 2% of the net profits of said department; that your petitioner having prior thereto lived in Macon for many years, and having made many friends in and around Macon, he entered into a contract with the Dannenberg Company through the said W. M. Collins, general manager thereof, and entered upon his duties under said contract; that on June 21st, petitioner was notified by said company that he would be discharged on July 15, 1924; that your petitioner and the said Collins, secretary and treasurer and general manager of the Dan-

nenberg Company, not agreeing as to the terms of said contract of employment, said Collins invited petitioner to come to his office on June 23rd; that upon entering the office of the said Collins, in the place of business of the said the Dannenberg Company, Collins said to petitioner, 'I got your letter in answer to mine, and I am surprised; you know you have no contract;' but petitioner treated this as a difference of opinion or recollection, and took no exception thereto; whereupon the said Collins produced some books to show to petitioner that his department of the Dannenberg Company had not made any money, saying that he would close the department rather than have a loss, and again referred to the matter of contract between petitioner and the Dannenberg Company; he then said to petitioner, in substance, 'State your side of the matter;' petitioner replied, 'Mr. Collins, I would like to ask one question: Why didn't you mail the original letter confirming our trade?' To which Collins replied, 'If you say I did not mail you the original letter, you are a liar.' Petitioner replied, 'You are another;' whereupon said Collins immediately struck petitioner a severe blow over his right eye while seated in a chair, and continued to strike him upon the head and around the eye. Petitioner attempted to get upon his feet, trying all the while to ward off the licks of the said Collins, and while Collins was thus continuing to strike and beat your petitioner on the head, face, and eye, they both fell upon the floor, where the said Collins continued to strike and beat your petitioner, hitting him twelve or fifteen severe blows upon the head, face, and eye, striking him a number of times after he had fallen upon the floor, and he struck him so frequently and so severely in the right eye that the eye, skin, and tissues around the eye were badly bruised, to the extent that the skin around his eye was so badly bruised that it became very dark in color and became swollen, and the eye was practically closed; and after he had so struck and beaten petitioner and was pulled off of petitioner by others near by and prevented from further striking and beating petitioner, he said to petitioner, 'Come out in the hall and I will finish you;' showing his purpose and intent to do your petitioner serious injury and bodily harm. All of which injury and damage done to your petitioner, as set forth, was without cause, and aggravated both in the act and in the intention."

The Dannenberg Company demurred to the petition, generally and specially. The court, without considering the merits of the special demurrer, passed an order sustaining the general demurrer and eliminating the Dannenberg Company as a party defendant, on the ground that the petition set forth no cause of action as to it; and to this order the plaintiff excepted.

*L. D. Moore,* for plaintiff.

*Jones, Park & Johnston,* for defendants.

BELL, J. (After stating the foregoing facts.)

Under the allegations of the petition the plaintiff's injuries were not occasioned by the act of a fellow servant. It is alleged that Collins was the defendant's general manager, and there is nothing to indicate that he did not have the general authority which would ordinarily be implied from such title. As was said by the Supreme Court in *Raleigh &c. R. Co.* v. *Pullman Co.,* 122 *Ga.* 706 (50 S. E. 945) : "The terms 'general manager' are words of large meaning. In and of themselves they imply duties and responsibilities which would devolve upon a person having the management and control of the corporate affairs. By giving such a title to this officer the corporation holds him out to the world as its managing agent, its alter ego, as the person having general and supreme authority as the immediate representative of the directors in the conduct of the corporate affairs and in its dealing with the public."

The defendant, by its general manager, invited the plaintiff to its office and place of business, and the plaintiff was thus entitled to the protection due to an invitee. Civil Code (1910), § 4420. The defendant's duty of providing such protection was, under the facts alleged, to be discharged through its general manager, Collins, who, instead of complying with this duty, violated it. The assault and battery occurred in the defendant's office and place of business while the plaintiff was lawfully there for the purpose of transacting with its general manager business which appertained to the latter's agency and while the latter was actually engaged in the transaction of such business. As in *Seaboard Air-Line Ry.* v. *Arrant,* 17 *Ga. App.* 489 (2) (87 S. E. 714), "the difficulty which led to the assault and battery arose out of and in connection with the business of the company which the agent had authority to transact;" and if it was not justifiable, the defendant company, as well as the actual assailant, would be liable for the wrong so inflicted. In *Mason* v. *Nashville &c. Ry. Co.,* 135 *Ga.* 741 (4)

(70 S. E. 225), which was an action for damages against a railroad company for an assault and battery committed by its conductor upon a passenger, the Supreme Court said: "At the outset it is well to remember that in dealing with the general question of whether a master is liable for a willful tort of his servant, the doctrine of respondeat superior furnishes the basis for decision, if there are no statutory provisions on the subject, but that, in certain instances, there is a relation between the master and the injured person, out of which arises a duty of protection; and this duty is to be considered in addition to the general doctrine mentioned above. . . A failure to bear this in mind has caused some confusion and lack of harmony in decisions." While in each of the cases last cited the suit was against a railroad company, one being a suit by an implied invitee and the other by a passenger, there was involved in each of them a duty of protection to the person injured, and the principles enunciated in each are applicable in the case now under consideration. Even the duty of protection which a carrier owes to its passengers is not different *in character* from that which the defendant owed the plaintiff as an invitee in the instant case, although there is a very wide difference *in the degree* of the respective duties. In *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (4) (55 S. E. 37, 7 L. R. A. (N. S.) 926), the Supreme Court said: "When one goes to the agency of a corporation, the corporation owes him a duty to protect him from the wrongful acts of the agent in charge of the agency. But when one who is an agent of the corporation commits a tort at places other than the place of the agency, the company is not liable for the tort, unless it appears that it authorized the act or ratified it after its commission." And see *Dunn* v. *Western Union Telegraph Co., 2 Ga. App.* 845 (2) (59 S. E. 189). What we have just said will sufficiently suggest the point of difference between the present case and the following cases relied on by the defendant in error: *Louisville & Nashville R. Co.* v. *Hudson, 10 Ga. App.* 169 (73 S. E. 30) ; *Brown* v. *Smith & Kelly Co., 12 Ga. App.* 214 (76 S. E. 1082) ; *Central of Ga. Ry. Co.* v. *Stephens, 20 Ga. App.* 546 (93 S. E. 175). See also *Atlantic Coast Line R. Co.* v. *Thomas, 14 Ga. App.* 619 (6) (82 S. E. 299) ; *Daniel* v. *Excelsior Auto Co., 31 Ga. App.* 621 (121 S. E. 692), and cases cited.

But the defendant company insists further that, irrespective of

the other questions involved, as the employer and the plaintiff, as employee, were presumably subject to the workmen's compensation act, the plaintiff's claim would be cognizable only by the industrial commission. This contention, however, is untenable, for the simple reason that it does not appear that the defendant employer had in its service as many as ten employees in the same business within this State. There is no presumption that an employer and an employee are operating under the provisions of the compensation act where the employer has less than ten employees in the same business within this State, and there is no presumption as to how many employees a particular employer has. See § 15 of the workmen's compensation act, Ga. L. 1920, p. 167. For this reason, we hold that it does not appear from the petition that the plaintiff and the defendant were operating under the compensation act, and in doing so we, of course, make no ruling as to what would be the rights of the parties in such a case. The petition set forth a cause of action against the Dannenberg Company and the court erred in sustaining the general demurrer of that defendant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*