32345. HALL *v.* IVEY.

**816**

*John S. Averill Jr., B. F. Neal,* for plaintiff.

*A. C. Felton III, Felton & Felton, Martin, Snow & Grant,* for defendant.

GARDNER, J.  G. R. Hall brought suit against J. O. Ivey for damages on account of personal injuries caused by the collision between the automobile operated by the plaintiff and one driven by the defendant.  The plaintiff alleged that the defendant was negligent, which negligence was the proximate cause of his injuries, as follows:  (a) in driving from a country dirt road onto State Highway 90 when same was not sufficiently clear of approaching traffic on defendant's right to permit him to enter and traverse said intersection "without interference in violation of the law of Georgia, the same being negligence per se"; (b) "in driving upon Highway 90 immediately in the path of petitioner's car, and failing to give the right of way to petitioner's car, approaching to the right of defendant's car at said intersecting roads, the same being negligence per se"; (c) "in driving onto Highway 90 from said dirt road, in a sudden and abrupt manner, and without giving previous warning by horn or other signal, and without slowing down or stopping"; (d) "in failing to observe the approach of petitioner's car on his right, and not apprehending that a collision was imminent by his traversing said intersection in front of and in the pathway of petitioner's car"; (e) "in not reducing his speed at said intersection and having his car under control at all times while traversing said intersection, so as to avoid a collision at a place which he should have apprehended the likelihood or probability of a collision;" and (f) "in approaching said intersection and traversing the same at a rate of speed faster than was reasonable and safe, without having due regard for the character of the intersection and the use being made by petitioner of Highway 90, at this time and place."

No demurrer was interposed to the above petition.  The defendant denied the material allegations of the petition, and al-

leged that, "if the plaintiff was injured, his injuries were caused solely by his own acts of negligence."

The case proceeded to trial and resulted in a verdict for the plaintiff. The defendant moved for a new trial, which motion he amended. The trial judge overruled the motion and the defendant excepted. This court reversed the trial court because of certain erroneous instructions to the jury. See *Ivey* v. *Hall*, 77 *Ga. App.* 350 (48 S. E. 2d, 788). When the case was tried a second time, the defendant, at the conclusion of the plaintiff's evidence, moved for a nonsuit, which was granted and the case dismissed. This judgment is now assigned as error.

It does not appear from the undisputed facts that the plaintiff was injured solely because of his own negligence, and the plaintiff proved his case substantially as laid. See *Clark* v. *Bandy*, 196 *Ga.* 546, 560 (27 S. E. 2d, 17) ; *Brown* v. *Savannah Electric &c. Co.*, 46 *Ga. App.* 393 (167 S. E. 773), and cit., to the effect that, if the evidence for the plaintiff was such that the jury might have inferred therefrom that the defendant was negligent in the particulars alleged or any of them, however doubtful and close the question, a nonsuit would be erroneous. There was evidence here that tended to substantiate the allegations of the petition as to the cause of the plaintiff's injury, as to the extent of his injury and damage, and as to the negligence charged, to wit, entering the State highway from a country dirt road without ascertaining if the way was clear of traffic approaching along his right on said paved highway, and not stopping before entering this intersection, not having his car under control, having regard for the traffic and other conditions prevailing at the time, and in entering said intersection and turning in front of the plaintiff without leaving ample space between the plaintiff's automobile and his car for the plaintiff to have avoided him by stopping or swerving around. *Hadaway* v. *Southern Ry. Co.*, 41 *Ga. App.* 669 (154 S. E. 296). That the defendant saw the plaintiff's car approaching on his right before turning into this intersection in front of him is borne out by the witnesses, who testified that the defendant stated immediately after the collision, in regard to seeing the plaintiff's car approaching, that "he saw the car coming but didn't think it was that close, thought it was far enough off to

go out ahead." There was a locomotive and cars waiting on a siding of the railroad line which paralleled the highway where the dirt road intersected same, and the only lights showing on the engine were two small cab lights, and this stationary engine was directly in front of the defendant as he came to the highway and only some 50 feet away; and a witness testified that he heard the defendant say at the time of the collision that the "engine must have excited him a little bit." There was evidence that the defendant did not stop before entering this intersection. In these circumstances, without regard to headlights burning on the plaintiff Hall's car and other facts from which the jury might have inferred that the plaintiff was negligent as contended, the jury would have been justified in determining that the defendant Ivey carelessly and negligently operated his car in approaching and entering this intersection from the dirt road and without regard to traffic on his right and did not have his car under his immediate control. The plaintiff's evidence—and there was none for the defendant—supported the allegations of his petition and did not show by undisputed facts that the plaintiff was solely negligent and as a result thereof was injured. See *Brown* v. *Savannah Electric &c. Co.*, supra; *Clark* v. *Bandy*, supra. Questions of negligence, contributory negligence, proximate cause, etc., are ordinarily jury matters and not of law for the court on demurrer or nonsuit. Where the evidence authorizes the inference of negligence on the defendant's part, and does not show affirmatively and as a matter of law that the plaintiff could have avoided injury by exercising ordinary care, a nonsuit is error. *Camp* v. *Curry-Arrington Co.*, 41 *Ga. App.* 53 (151 S. E. 837). A nonsuit is not properly granted unless all facts with reasonable deductions therefrom affirmatively show that the plaintiff is not entitled to recover. *Elrod* v. *McConnell*, 170 *Ga.* 892 (154 S. E. 449). In passing on the question whether or not the court rightly awarded a nonsuit, the appellate court must take the evidence most strongly in favor of the plaintiff. *National Land &c. Co.* v. *Zugar*, 171 *Ga.* 228 (155 S. E. 7).

Under the facts presented by the pleadings and the evidence, the jury would have been authorized to find that the defendant Ivey failed to give to the plaintiff the right of way, although

he saw the plaintiff's car approaching from the right on said paved highway at said intersection, in violation of Code, § 68-303 (g).

Applying the foregoing, the trial court improperly granted the defendant's motion for a nonsuit. Nothing to the contrary was held in *Ivey* v. *Hall*, supra, as to an emergency or other holdings, and nothing appears to the contrary from the Code sections and the cases cited by the defendant in error, as follows: § 68-316 (with reference to headlights); § 68-303 (i) (in regard to reducing speed at crossings or intersections); nor *Sumner* v. *Thomas*, 72 *Ga. App.* 351 (33 S. E. 2d, 825); nor *Taylor* v. *Morgan*, 54 *Ga. App.* 426, 429 (188 S. E. 44) (from which latter case the defendant quotes extensively); nor *Georgia Power Co.* v. *Maxwell*, 52 *Ga. App.* 430 (3) (183 S. E. 654) (to the effect that the defendant's negligence is not limited to negligence which may have been actually discovered, but extends to negligence which might have been discovered); nor *Laseter* v. *Clark*, 54 *Ga. App.* 669 (189 S. E. 265) (which holds to the effect that the driver of an automobile having the right of way is not free from exercising ordinary care, etc.; nor *Smeltzer* v. *Atlanta Coach Co.*, 44 *Ga. App.* 53 (160 S. E. 665). These cases have been read and compared carefully with the instant case and have not been overlooked, nor do we think misapplied by us. It must be kept in mind that if, under the evidence here, the jury was authorized to infer that the negligence of the plaintiff was slightly less than that of the defendant, the plaintiff would be entitled to recover, under the comparative negligence principle of law, and the law as to diminution of damages would apply, as a jury question under proper instructions of the trial court. The court erred in granting a nonsuit.

*Judgment reversed. MacIntyre, P. J., and Townsend, J. concur.*