## 32276.   SUMTER MILLING & PEANUT COMPANY INC. v. SINGLETARY.

DECIDED APRIL 14, 1949.

114

*J. Frank Myers, H. B. Williams,* for plaintiff in error.

*Claude N. Morris,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Code, § 105-108. The allegations of the petition show that M. C. Wall was the managing officer of the defendant corporation, and as such was vested with authority to control and command the servants and employees of said corporation, and acting in his capacity as such officer he in-

structed and commanded the servant of such corporation to take its truck and transport the group of Boy Scouts, including the plaintiff's son, to and from Chehaw State Park, as alleged. Properly construed, we think that the allegations of the petition show that Wall the managing officer, was the alter ego of the corporation, and that his command and acts in using the truck of the corporation in transporting the group of Boy Scouts to and from said State park were those of the corporation. As managing officer of the corporation, he had permission and authority to use the corporation's trucks as he saw fit, and the truck was being operated at his direction and with the knowledge of the defendant at the time the plaintiff's son was killed as alleged in the petition. Under the allegations, we think that the authority of Wall, the managing officer, over the truck in transporting the plaintiff's son, at the time and place in question, was the same as that of the corporation itself. In other words, we think the allegations of the petition were sufficient to show that his authority with respect to the use and operation of said truck was not limited, but that he had as full and complete authority over the truck in that respect as the corporation itself had. See *Bussell* v. *Dannenberg Co.,* 34 *Ga. App.* 792 (132 S. E. 230); *Raleigh & Gaston R. Co.* v. *Pullman Co.,* 122 *Ga.* 700, 706 (50 S. E. 945).

■ The plaintiff's son was an invitee of the defendant corporation while riding on its truck to and from said State park, and it must appear from the allegations of the petition that his death was the result of gross negligence on the part of the defendant or its servant in the operation of the truck at the time and place in question in order for the plaintiff to recover. This court cannot say as a matter of law that the alleged facts do not amount to gross negligence. But, on the contrary, we think that the allegations of negligence set out in paragraph 15 (a, b, f, g, h, i, and j), when considered with all the alleged relevant facts and circumstances, were sufficient to raise a jury question as to gross negligence on the part of the defendant, and said allegations were not subject to the defendant's special demurrer. In this connection, see *Pitcher* v. *Curtis,* 43 *Ga. App.* 622 (159 S. E. 783); *Smith* v. *Hodges,* 44 *Ga. App.* 318 (161 S. E. 284); *Jordan* v. *Lee,*

51 *Ga. App.* 99 (3) (179 S. E. 739); *Capers* v. *Martin*, 54 *Ga. App.* 555 (188 S. E. 465). Subdivisions c, d, and e of said paragraph should be stricken.

■ Therefore, the court did not err in overruling the defendant's general and special demurrer.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp. § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner and Parker, JJ. concur. Felton and Townsend, JJ., dissent.*

FELTON and TOWNSEND, JJ., dissenting. In order to render a corporation or other principal liable in a case like this, it must appear that the injury occurred while the servant was engaged in the prosecution of the principal's business, or that the principal commanded the act out of which the injury arose. Since it is not alleged in the petition in this case that the driver of the truck was engaged in the business of the corporation at the time of the injury, it must be assumed that the pleader intended to fix liability on the theory that the corporation commanded the act, on the theory that the general manager commanded it as its alter ego. If the petition had simply alleged that M. C. Wall was the general manager and that, in that capacity, he commanded the servant to drive the truck, the allegation would have been sufficient to allege that the general manager was the alter ego of the corporation and that his command was that of the corporation. *Bussell* v. *Dannenberg Company,* 34 *Ga. App.* 792, (132 S. E. 230). However the petition proceeds to allege the general manager's authority over the trucks of the corporation, which allegations show that the general manager's authority over the truck was not the unlimited authority of the corporation itself. It is alleged that the general manager was authorized to use the corporation's trucks as he saw fit. Construing the allegation against the pleader, and with nothing else appearing, such an allegation should be construed to mean that the general manager had authority to use the trucks as he saw fit *within the orbit of the company's business as dictated by his judgment and*

*discretion,* and does not mean that he could use the trucks for his own purposes or purposes foreign to the scope of the business of the corporation. *Daniel v. Excelsior Auto Company,* 31 *Ga. App.* 621 (2), (121 S. E. 692). Since the petition does not allege facts from which it necessarily must be inferred that the driver was acting in the prosecution of the company's business at the time of the injury, and does not allege that the general manager had as full authority over the trucks as the corporation itself, it fails to set forth a cause of action and the general demurrer should have been sustained.

We express no opinion on the special demurrers.