37763. CITIZENS & SOUTHERN NATIONAL BANK *et al.*
*v.* HUGULEY.

37764. CITIZENS & SOUTHERN NATIONAL BANK *et al.*
*v.* NEWTON.

TOWNSEND, Judge. 1. "The rules of law governing the degree of care owed by an operator of aircraft to his guest riding therein are the same as those governing the operator of a motor vehicle under similar circumstances, and in both cases the defendant operator is liable for injuries to his guest only in cases of gross negligence." *Sammons* v. *Webb*, 86 *Ga. App.* 382 (12a) (71 S. E. 2d 832).

2. An allegation that the operator of a powered vehicle did not have it under control, did not keep a proper lookout ahead, or that he drove and steered the vehicle into a named obstacle, by reason of which the guest was injured, is a sufficient allegation of gross negligence. See *Sumter Milling & Peanut Co.* v. *Singletary*, 79 *Ga. App.* 111 (2) (53 S. E. 2d 181); *Lenderman* v. *Haynie*, 89 *Ga. App.* 513 (1) (80 S. E. 2d 216); *Owens* v. *Williams*, 87 *Ga. App.* 238 (1) (73 S. E. 2d 512); *Frank* v. *Horovitz*, 52 *Ga. App.* 651 (183 S. E. 835). This

being a death action in which the plaintiffs' decedents were killed in an airplane crash while guests in an airplane piloted by the deceased owner of the plane of whose estate the defendants are executors, allegations that the plane was new, in good mechanical condition and would have continued aloft in the absence of the pilot's guidance of the plane into the water; that the pilot was grossly negligent in that he steered and piloted the plane into a sandbar in the Atlantic Ocean; failed to keep the plane aloft and in flight until he reached a safe landing place, and failed to keep a proper lookout ahead and around him at said time and place in order to determine properly his direction and course of flight, are, under the above authorities, sufficient to raise a jury question on these issues as to the gross negligence of the pilot. Special demurrers 2, 5, 6 and 7 against certain paragraphs of the petition of Mrs. William Newton, and demurrers 2, 7, 8 and 9 directed to the petition of Mrs. Huguley are without merit.

3. The allegation that the pilot, who awakened his guests shortly before 4 a.m. on the day in question and took off for a flight from the airport at St. Simons, Georgia, at approximately 4:50 a.m., "was unable to sleep and was in fact up and about during most of the evening and early morning hours prior to the time of said flight," being matter of inducement, is not so immaterial or irrelevant as to be stricken on the ground that no relationship is shown between the fact that the pilot spent a sleepless night and the fact that the plane crashed within a few minutes of takeoff. This case is predicated on alleged pilot-failure in the operation of an airplane free of all mechanical defects, and in such case the physical condition of the pilot would be relevant to the cause of action. The second ground of demurrer in both cases was properly overruled.

4. Special demurrers attack those allegations of the petition to the effect that prior to takeoff the pilot Osner failed to make any inquiries concerning weather conditions, notwithstanding the fact that it was before daybreak and therefore dark, that the weather was foggy and that a heavy haze covered the island and waters surrounding it; that Osner attempted to fly his aircraft over water during misty weather without requesting a weather report or securing the required Air Traffic clearance or flight instruction, notwithstanding that he had virtually no experience flying over water; that he was guilty of gross negligence in piloting said plane at a time of night

when weather conditions made safe visual flight impossible and when he was unable to operate the aircraft by the aid of instruments alone, and of gross negligence in failing to request a weather report and in attempting to fly over water through the heavy haze and cloud formations present over water at flight level which he knew or could have known had he sought available weather information. It is also alleged that the plane was equipped for instrument flight, but that Osner had no experience or training in instrument flying and was totally unable to operate an aircraft solely by use of instruments. The allegations are attacked on the ground that they are conclusions, that they do not show gross negligence but are consistent with pure accident, that there was no duty alleged on the part of Osner to make inquiry as to the weather, and that, since the state of the weather was apparent, such action would have been superfluous. Since the petition alleges that the plane was in the air from two to five minutes after takeoff and was, when it crashed, in full throttle, and that it crashed in the ocean about one and one-half miles from the island lighthouse an unspecified distance from the airport, it cannot be assumed that the conditions as to haze, fog and visibility at that place were apparent to the pilot when he made his takeoff at the airport.

It is a familiar rule in automobile negligence cases that the operator of a motor vehicle may be guilty of negligence by driving the automobile under circumstances where he cannot or does not see where he is going, and as a result does injury to another. In *Akin* v. *Randolph Motors*, 95 *Ga. App.* 841 (1) (99 S. E. 2d 358) negligence was predicated on the theory that the operator, while accelerating speed, removed his hands from the steering wheel and placed himself in a position where he was unable to see the road ahead. We have already seen that it may be gross negligence to fail to keep a proper lookout ahead. In airplane travel, where large distances may be covered in seconds, the "lookout" does not necessarily refer to what a pilot may see from his cockpit; it may well be negligence for him to fly at all where, in the exercise of even slight diligence, he would have been able to ascertain that because of fog and mist or other weather conditions he would be able to see nothing, and thus unable to keep any lookout at all. The petition alleges in substance that at the time of this crash visual flight was impossible; that had the operator

obtained a weather report as he should have done, he would have known that he could not fly under the existing conditions. The allegations were not subject to the objections interposed. Special demurrers 3, 4, 10 and 11 to the Newton petition, and Nos. 3, 6, 12 and 13 to the Huguley petition are without merit.

5. Both petitions allege that "Osner, who had the experience of only 77 hours of flying time, was grossly negligent at said time and place in attempting to fly his plane at night and just before daybreak across water of the Atlantic Ocean instead of taking a course across land as he should have done." The demurrers attack this allegation as a conclusion, in that it is not shown that flying with 77 hours of experience constitutes gross negligence; that there was no duty upon Osner to fly across land rather than water, or that flight over water in any way contributed to the accident, and, further, that St. Simons, Georgia, being an island it would be impossible to leave it without flying over water. These grounds of demurrer are well taken, especially in the absence of any allegation to the effect that another route would have been less hazardous, would have avoided the conditions which caused the disaster, known to the operator, or even that it had any proximate relationship to the disaster. The trial court erred in overruling demurrer number 8 to the petition of Mrs. Newton and demurrer No. 10 to the petition of Mrs. Huguley.

5. From what has been said in regard to the special demurrers, it follows that the court properly overruled the general demurrers to both petitions. While we readily concur with the contentions of the plaintiffs in error that the doctrine of res ipsa loquitur has no place in the law of pleadings (*Hudgins* v. *Coca Cola Bottling Co.*, 122 *Ga.* 695, 50 S. E. 974) we nevertheless construe this petition to allege specific acts of negligence which resulted in the death of the guest occupants—that is, negligence of the pilot in not ascertaining whether weather conditions were such that he would be able to pilot the plane, and negligence in attempting to pilot it under conditions where he was unable to do visual flying and was unequipped for instrument flying, with the result that he did, in fact, steer and drive the plane at full throttle into a sandbar, killing its occupants, including himself. "The venerable and familiar rule is that except in plain and indisputable cases where reasonable men could not entertain opposite views of the matter, the questions of whether the host's conduct is negligence, the clas-

sification of his negligence as slight, ordinary, or gross, and whether his negligence was the proximate cause of the plaintiff's injuries are questions for the jury." *Werbell* v. *Walters*, 93 *Ga. App.* 378, 389 (91 S. E. 2d 841); *Austin* v. *Smith*, 96 *Ga. App.* 659 (2) (101 S. E. 2d 169). That the mere fact that the guest occupants elected to accompany the host under the flying conditions as known to them would not be such negligence as to bar them from recovery, see *Sammons* v. *Webb*, 86 *Ga. App.* 382, supra. As was there held, this is a jury question.

As to case No. 37764, the trial court erred in overruling the eighth ground of demurrer but did not err in the remaining rulings.

As to case No. 37763, the trial court erred in overruling the tenth ground of demurrer but did not err in the remaining rulings.

*Judgments affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 15, 1959—REHEARING DENIED JULY 28, 1959.

*Johnson, Hatcher, Meyerson & Irvin,* for plaintiffs in error. *Sam Phillips McKenzie,* contra.