39135, 39145.  WHITE v. BORDERS; and *vice versa.*

DECIDED NOVEMBER 2, 1961.

*Marson G. Dunaway, Jr.*, for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Barry Phillips, Thomas E. Joiner, Wm. W. Mundy*, contra.

PER CURIAM. ■ Demurrer 9 to paragraph 34 of the petition challenges the plaintiff's right to plead the case law of Tennessee under which the operator of a motor vehicle owes a duty of ordinary care to a guest passenger, on the grounds that such an allegation is irrelevant and immaterial, and raises the general question of the degree of care owed to a guest. No Tennessee statute was involved in the case pleaded, but rather the interpretation by that State of the common-law duty resting upon the driver as to his passenger. This being so, the common law of Georgia rather than that of Tennessee will control in an action brought in Georgia courts even though the injury occurred in Tennessee. *Slaton v. Hall*, 168 Ga. 710 (1) (148 SE 741, 73 ALR 891); *Motz v. Alropa Corp.*, 192 Ga. 176 (15 SE2d 237); *Blankenship v. Howard*, 98 Ga. App. 844, 852 (107 SE2d 324). Thus, the allegation as to what the common law as construed by the courts of Tennessee might be was irrelevant and the demurrer should have been sustained as well as demurrer 24 to

paragraph 29 of count 3. This is true even though count 1 of the petition, which originally alleged that the plaintiff was a guest passenger, had been amended by the time the demurrers were passed on to allege that she was a paying passenger, and the error was rendered harmful by reason of the fact that, after the order on demurrer had been entered, the plaintiff again amended her petition to read, as to this count, that she was a guest passenger rather than a paying passenger.

■ Special demurrers 9, 10, 11 and 12 to count 1 and 23 to count 3 of the petition attack allegations of the statute law of Tennessee making it negligence per se to move from the right lane of traffic before ascertaining such maneuver may be completed in safety, to fail to drive on the right side of the road, and to fail to remain within a single lane of traffic, on the ground that the petition does not show any causal connection between such negligence, if it existed, and the plaintiff's injuries. Since the petition alleges facts showing that the defendant was *driving* in the left lane of traffic, and did not commence to skid until he entered and drove in such lane, it cannot be said as a matter of law, taking the pleadings as true, that such negligence did not contribute to the injury. These demurrers were properly overruled. This ruling also controls special demurrers 18, 19, 20 and 21 directed to allegations of the defendant's negligence contained in count 3.

■ Special demurrers 6, 7, 8 and 10 filed after amendment of the petition, and after the appearance day, attack paragraphs of the original petition not changed by later amendment. The special demurrers were accordingly filed too late and cannot be considered. *Levy v. Logan*, 99 Ga. App. 253 (3) (108 SE2d 307).

■ Defective pleadings cannot be aided by the doctrine of *res ipsa loquitur*. Count 2 of the petition, which merely incorporated those allegations of count 1 not relating to the defendant's negligence, and further alleged that the defendant was in sole control of the automobile; that automobiles driven in a careful and prudent manner do not run off the road, and that accordingly the defendant is liable to the plaintiff, failed to set forth a cause of action. *Hudgins v. Coca Cola Bottling Co.*, 122 Ga. 695 (4) (50 SE 974); *Weems v. Albert Pick & Co.*, 33 Ga. App.

579 (1c) (127 SE 819). It was error to overrule the general demurrers to count 2 of the petition.

■ At the time the demurrers were passed on both counts 1 and 3 alleged that the plaintiff was a paying passenger, but nevertheless count 1 sought to set out a cause of action based on ordinary negligence while count 3 was grounded on gross negligence. Various demurrers, including special demurrer 17 to paragraph 16 of count 3 challenge the facts of the petition on the ground that no gross negligence is alleged. The petition shows, as to each count, that the defendant operator was proceeding up a long grade in the nighttime and during a rain with slick tires on his automobile and driving on the left side of the road; that he entered the curve at a rate of speed in excess of the statutory limit, that the car skidded and left the road, inflicting serious injuries on the plaintiff. A jury question is presented, not only as to the fact of negligence, but as to the degree of negligence. *Lassiter v. Poss*, 85 Ga. App. 785 (1) (70 SE2d 411). It was not error to overrule the general demurrers to counts 1 and 3 of the petition, and special demurrer 17.

■ There remains for consideration the judgment of the trial court granting the defendant's motion for nonsuit which is assigned as error in the main bill of exceptions. The cross-bill has been discussed first in order that the condition of the pleadings at the time the case went to trial may be better understood. Count 1, which was amended after the last ruling on the demurrers, presented a petition alleging that the plaintiff was a guest passenger and alleging only lack of ordinary care on the part of the defendant, which, as was pointed out in Division 1 of this opinion, would have made that count subject to a motion to dismiss, but no such motion was in fact made. Accordingly, if the plaintiff proved her case as laid, this defect could not be reached by a motion for nonsuit. *Clark v. Bandy*, 196 Ga. 546 (27 SE2d 17). Count 3, on the other hand, charged the defendant with gross negligence but continued to carry the allegations that the plaintiff was a paying passenger, as to whom there would be owing a duty to exercise ordinary care for her safety. The plaintiff failed to prove that she was a paying passenger, but this failure of proof is not material to her cause of action in

count 3 where she sought to recover on gross negligence only, the quantum of negligence necessary for recovery under the facts proved, provided she did prove some acts of the defendant which the jury might find amounted to gross negligence. Lest this holding appear on its face contrary to that in *Fountain v. Tidwell*, 92 Ga. App. 199 (4) (88 SE2d 486), where it was stated that even though a plaintiff alleged gross negligence the court should charge on the duty to exercise ordinary rather than slight care if it appeared from the proof that the plaintiff could recover for ordinary negligence, we point out that when the exception is on a motion for nonsuit it becomes necessary first to consider what allegations of the petition are material to the cause of action. If a plaintiff seeks recovery based on the defendant's gross negligence alleging that he is a guest passenger, and proves gross negligence but also proves that he is a paying passenger, such a variance would not be material so as to authorize the grant of a nonsuit. If the plaintiff here has shown gross negligence necessary to her recovery as a non-paying passenger, then the fact that she did not prove an allegation to the effect that she had paid for her ride becomes immaterial since she has shown that she was a passenger and has shown that the defendant violated that degree of care which she alleged he owed her as such passenger.

It is not necessary to prove all the allegations of negligence alleged, but the plaintiff may recover if she proves one or more of these allegations and that they were the proximate cause of her injuries. *Hall v. Ivey*, 78 Ga. App. 815 (52 SE2d 544). The plaintiff here failed to prove that the defendant drove the automobile on the left side of the road prior to the time it skidded and went out of control. She failed to prove that the speed exceeded the statutory limit of 50 miles per hour, for, while she several times testified that the automobile traveled "between 50 and 55 miles per hour" as it went into the curve, she also testified that it was going "50 or 55 miles per hour." The testimony of the plaintiff, when equivocal, must be construed against her even on a motion for nonsuit. *Ray v. Green*, 113 Ga. 920 (39 SE 470). She did, however, offer evidence that the defendant was entering a sharp curve on a long, steep

upgrade when the night was dark and the road wet at a high rate of speed, knowing that his automobile was equipped with worn, slick tires, and he alleged these acts to be ordinary negligence in count 1, and gross negligence in count 2 of the petition. See *Cobb v. Coleman,* 94 Ga. App. 86 (93 SE2d 801); *Owens v. Williams,* 87 Ga. App. 238 (73 SE2d 512); *Sumter Milling &c. Co. v. Singletary,* 79 Ga. App. 111 (53 SE2d 181).

The trial court erred in case No. 39135 in granting the judgment of nonsuit. The trial court erred, in case No. 39145, in overruling the general demurrer to count 2 of the petition and the 9th ground of special demurrer, but did not err in overruling the remaining demurrers.

*Judgment reversed on main bill. Judgment affirmed in part and reversed in part on cross-bill. Nichols, P. J., Frankum and Jordan, JJ., concur.*