39793. STOWE v. GALLANT-BELK COMPANY et al.

RUSSELL, Judge. 1. A motion to dismiss the bill of exceptions in this case is urged on the ground that no defendant in error

is specifically named therein. The bill of exceptions recites that "in the case of Esther E. Stowe against Gallant-Belk Co., a corporation of Franklin County, Georgia, and Gallant-Belk Co., a corporation of the State of South Carolina" the court sustained the general demurrers and dismissed the petition against both defendants, to which judgment the plaintiff excepts. Service was acknowledged by counsel as "attorneys for defendants in error." "When the record shows clearly who were parties to the litigation in the court below, the writ of error shall not be dismissed because the bill of exceptions fails to specify or designate the parties plaintiff in error or defendant in error." *Code* § 6-1202 as amended by Ga. L. 1957, p. 224. The motion to dismiss is denied.

2. "To set out a cause of action, the negligence of the defendant must be plainly and specifically set forth. The doctrine of *res ipsa loquitur* cannot be invoked to aid pleadings which are deficient in this respect." *White v. Borders*, 104 Ga. App. 746 (4) (123 SE2d 170); see also *Hudgins v. Coca-Cola Bottling Co.*, 122 Ga. 695 (4) (50 SE 974); *Sinkovitz v. Peters Land Co.*, 5 Ga. App. 788, 793 (64 SE 93); *Weems v. Albert Pick & Co.*, 33 Ga. App. 579 (1c) (127 SE 819); *Coleman v. Dublin Coca-Cola Bottling Co.*, 47 Ga. App. 369, 374 (170 SE 549); *Citizens &c. Nat. Bank v. Huguley*, 100 Ga. App. 75 (6) (110 SE2d 63). Count 1 of the petition fails to allege any negligence on the part of the defendant causing plaintiff's fall in its store but maintains that "the fall was unusual and extraordinary" and plaintiff's right to recover is "controlled by the rule of res ipsa loquitur." There was no error in sustaining the general demurrer to this count.

3. The plaintiff fell and sustained bodily injuries while crossing from one room to another in the defendant's store on an inclined ramp, the levels of the two floors having an eight-inch height differential which was traversed by the ramp. Count 2 alleges that the plaintiff slipped on a banana peel and count 3 alleges that the defendants by negligently constructing the floors, one eight inches lower than the other, and erecting the inclined walkway "negligently created a hazard or risk to invitees and customers and that said situation was an inherently dangerous and perilous instrumentality," and that the defendants were negligent in failing to equip the ramp with handrails or "notice of its location."

(a) Considering first the allegation in count 3 of the petition that the construction of two rooms one step different in floor level and connected by an inclined walkway constitutes a dangerous instrumentality, without any explanatory allegations of why it is dangerous, whether from defective construction, concealed location, slick or uneven surface or deceptive appearance, the plaintiff fails to show negligent or defective construction because the general allegation of danger is not supported by the specific facts pleaded. In *McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420) the plaintiff also failed to meet these minimal requirements in alleging that he stumbled over a concrete bar three to six inches high separating a store from a parking lot. The court said (p. 197): "The structure over which the plaintiff stumbled was not a defective structure; for it is not alleged that there were any holes, rough places or other defects rendering it dangerous. Although the petition describes the concrete bar as dangerous, from the facts alleged it is not the sort of structure which would cause a prudent person reasonably to anticipate danger from its existence. . . The allegation that the structure constituted a dangerous condition and a deceptive trap is controverted by the actual facts pleaded. The structure was not a slight or inconspicuous one. . . Whether the structure was dangerous depends largely on whether the structure was such as would not necessarily be seen by the plaintiff in the exercise of ordinary care. The structure was on the surface, not hidden, and could easily have been seen by the plaintiff had he been exercising ordinary care in observing where he was walking. *City of Macon v. Stevens*, 42 Ga. App. 419 (156 SE 718); *National Bellas-Hess Co. v. Patrick*, 49 Ga. App. 280." To the same effect see *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 SE2d 512). Nothing in the description of the ramp suggests unusual, defective, or dangerous construction; ramps are frequently used to connect different levels in buildings and are not generally considered more dangerous than steps used for the same purpose. Thus, there is no cause of action predicated on the theory either that the original construction was defective or that the resulting floor unit constituted any sort of trap or pitfall.

(b) The plaintiff further alleges in count 2, that the defendant was negligent in leaving a banana peel on the ramp, and in

count 3 that it negligently failed to provide the ramp with guardrails. Since the plaintiff makes no effort to show either that he did not see or for any reason could not in the exercise of ordinary care for his own safety have seen both of these defects, they must be taken as patent and apparent to him, from which it follows that he was not in fact in the exercise of such care in descending the ramp. Counsel for the plaintiff in error urges that a general demurrer should have been overruled under authority of *Pilgreen v. Hanson*, 89 Ga. App. 703 (81 SE2d 18) but that case in point of fact supports a contrary conclusion. On its second appearance (94 Ga. App. 423, 94 SE2d 752) the court, discussing the first opinion, stated: "The above-quoted portions of the opinion establish as the law of this case what is in any event general law—that is that one cannot state a case without alleging, or effect a recovery without proving, that the defect in the floor which caused the plaintiff to slip, if a patent defect, was for some reason *not connected with any negligence on her part* not patent or obvious to such plaintiff. The allegations of the petition here were saved from general demurrer only because of representations that, through the pattern of the tile, the dimness of the lights, and the unevenness and slipperiness of the floor *in combination* a dangerous situation was created which, although the defects were as alleged, was not 'patent and obvious to the plaintiff.' Accordingly, only upon proof of such combination of facts, so as to prove that the 'dangerous situation so created' was not patent to the plaintiff, can she recover." Lest this holding appear in conflict with that of *Lane Drug Stores v. Brooks*, 70 Ga. App. 878, 884 (29 SE2d 716) that a plaintiff is not as a matter of law guilty of negligence in failing to discover the existence even of a patent defect in the premises, it should be observed that the latter holding is qualified to this extent: "If the defect, though patent, is not of such a nature and character as necessarily to be seen in the exercise of ordinary care by a person coming upon the premises." The petition under consideration not only fails to allege why the plaintiff failed to observe and avoid an object as obvious as a banana peel, but also fails to allege that he was in fact unaware of its presence when he stepped on it. He must likewise be taken to have been aware that there were no handrails present. These allegations are in different

counts; lack of handrails alone in the situation described would not amount to negligent construction, and stepping on a banana peel, either voluntarily or because of complete lack of attention to where he was going, would amount to a lack of ordinary care for one's own safety even assuming that the allegations are sufficient to show negligence on the part of the defendants in not discovering and removing the peel before the plaintiff encountered it.

None of the counts sets out a cause of action, and the trial court did not err in sustaining the general demurrers.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 29, 1962.

*J. T. Sisk,* for plaintiff in error.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.