### 18423. CARSWELL *v.* WOODWARD BROTHERS.

DECIDED APRIL 14, 1928.

*B. F. Walker,* for plaintiff.
*Fullbright & Burney,* for defendants.

BELL, J. Mrs. P. D. Carswell filed with the industrial commission a claim against Woodward Brothers for compensation for the death of her husband, who was killed while working at a cotton-gin owned and operated by the respondents in Burke county. The industrial commission denied the claim, and, the superior court having, on appeal, affirmed the action of the commission, the claimant brought the case to this court for review. The industrial commission based its award upon a finding that the respondents had regularly in their service less than ten employees in the same business, and thus, in the absence of election by them and the decedent to become bound thereby, were not subject to the provisions of the compensation act. It appeared from the evidence that Woodward Brothers were a partnership, and, as such, owned and operated a store, a cotton-gin, a planing mill, and certain sawmills, which

they rented to other people, who in turn used them to saw lumber for the respondents at so much per thousand feet. The gin and the planing mill were situated near to each other and were operated with power from a common engine and boiler. However, for some reason having reference to the adequacy of the machinery, they were never operated at the same time. The planing mill was always shut down during the main portion of the ginning season. Ten or more employees were regularly employed at the planing mill when it was in operation, but never as many as ten were employed at the gin. The ginning season lasted for about three months of each year. Accounts in connection both with the gin and the planing mill were kept by one of the partners on their books at the store. The decedent was not employed to perform any service at the planing mill, and performed none, and was working at the gin at the time of the injury which caused his death. At the beginning of the ginning season, when the planing mill would be closed, all employees except such as were needed to operate the gin were discharged until needed again at the planing mill. There were no other facts tending to connect the two enterprises as parts of the same business.

Under the evidence the gin and the planing mill were not parts of the same business, although they were operated by power from a common source and were owned and controlled by the same persons. *Sargent* v. *Henderson,* 79 *Ga.* 268 (2) (5 S. E. 122) ; *Leidy* v. *Gould,* 37 *Ga. App.* 410 (2) (140 S. E. 400) ; *Holliday* v. *Mer- chants & Miners Transp. Co.,* 161 *Ga.* 949 (2) (132 S. E. 210). Under section 15 of the workmen's compensation act (Ga. L. 1920, p. 167), the provisions of the act are not applicable to any employer "that has regularly in service less than ten employees in the same business within this State," unless he and his employees voluntarily elect to become bound thereby. In this case neither of the parties had made such election, and, since less than ten men were regularly employed at the gin, it is immaterial how many were regularly employed at the planing mill. The industrial commission correctly held that the claimant could not proceed under the compensation statute, and the superior court properly denied the appeal.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*