25372. HUNTER v. EMPLOYERS LIABILITY ASSURANCE CORPORATION et al.

DECIDED JULY 31, 1936.

*Vance Custer, J. C. Hale,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

STEPHENS, J. 1. When the employer took out a policy of compensation insurance covering its employees for the State of Georgia, and then made a contract of employment in the State of Georgia with the claimant in this case, this brought the employer within and subject to the workmen's compensation act, where the employee sustained an injury in the State of Georgia, compensable under this act. And when the employee filed his claim for compensation on account of said injury, he voluntarily elected to come under the act. The facts in this case show that both the employer and the employee voluntarily elected to come under and be bound by the workmen's compensation act. Under this view, the judgment of the superior court, setting aside the award of the Department of Industrial Relations as respects the employer, should be reversed, and the award made by that department should be affirmed. The above expresses the view of Judges Jenkins and Sutton. From this Judge Stephens dissents.

2. Since it is provided in the workmen's compensation act, section 66 as codified and re-enacted in the Code of 1933, § 114-602, that "every employer who accepts the provisions of this act relative to the payment of compensation shall fully insure and keep fully insured . . his liability hereunder" in some insurance company, etc., and since it is provided in section 72 of the act (Code, § 114-608) that "every policy for the insurance of the compensation herein provided, or against liability therefor, . . shall be deemed to be made subject to the provisions of this act," it follows that on the hearing before the director of the Department of In-

dustrial Relations of a claim for compensation by an injured employee against the insurance company, where it appeared from the records of the Department of Industrial Relations, of which the department could and did take cognizance, that the insurance company had issued to the employer a policy of compensation insurance, and the policy was in force on the date of the accident, the inference is demanded as a matter of law, notwithstanding the policy itself may not have been in evidence, that the insurance company had insured the employer against liability to its employees under the Georgia workmen's compensation act.

3. The evidence adduced on the hearing before the Department of Industrial Relations authorized the finding of the department that the accident to the claimant occurred within this State and arose out of and in the course of his employment, and was therefore a compensable accident.

4. The judge of the superior court erred in sustaining the appeal of Manly Construction Company, the employer, and of Employers Liability Assurance Corporation, the insurance carrier, from the judgment of the Department of Industrial Relations awarding compensation to the claimant against both the employer and the insurance carrier. Stephens, J., agrees to this conclusion, except in so far as it is held that the judge erred in sustaining the appeal of Manly Construction Company, the employer. Stephens, J., is of the opinion that the judge did not err in sustaining the appeal of Manly Construction Company, the employer, and dissents from the judgment in so far as it reverses the judgment sustaining the appeal of Manly Construction Company, the employer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur. Stephens, J., dissents in part, as shown above.*

STEPHENS, J. (dissenting from the ruling in paragraph 1.) 1. No person, firm, or corporation comes within the workmen's compensation act that has not regularly in service in this State at least ten employees as provided in section 15 of the act (Code, § 114-107), "unless such employees and their employers voluntarily elect to be bound." Where the employer is a corporation chartered under the laws of the State of Florida, and is not doing business within the State of Georgia with as many as ten employees, the taking out by the employer of a policy of compensation insurance covering the employees of the corporation for the State

of Georgia, which the records of the Department of Industrial Relations of Georgia show, and the making of a contract in the State of Georgia between the employer and the employee to go to Florida and work for the corporation, whether or not this contract is for services to be performed exclusively within the State of Florida or for services to be performed both in the State of Florida and in the State of Georgia, do not constitute an election by the employer and the contracting employee to be bound by the Georgia workmen's compensation act. See Code, §§ 114-202, 114-203. It appearing from the uncontradicted evidence, at the hearing before the director of the Department of Industrial Relations, that the employer, which was a corporation, did not at the time of the alleged accident have regularly employed within this State ten men, and it not appearing that the employer and the employee had expressly agreed to come under the act, the employer did not come within the workmen's compensation act, and was not liable to the employee for compensation, notwithstanding it may be assumed that the accident was one which otherwise would be compensable under the workmen's compensation act of this State. *Bussell* v. *Dannenberg Co.,* 34 *Ga. App.* 792 (132 S. E. 230); *Carswell* v. *Woodward,* 38 *Ga. App.* 152 (142 S. E. 907); *Vandergriff* v. *Shepard,* 39 *Ga. App.* 791 (148 S. E. 596).

2. The act approved March 24, 1933 (Ga. L. 1933, p. 184, Code, § 114-607), which, as expressed therein, is an amendment to section 71 of the Georgia workmen's compensation act approved August 17, 1920 (Ga. L. 1920, pp. 167, 206), provides that any policy or contract of insurance issued to an employer, insuring him against liability under the workmen's compensation act, shall "be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this act [i. e. the workmen's compensation act] shall not plead as a defense that the employer is not subject to the act;" and that "compensation shall be paid to an injured employee, or to the dependents of a deceased employee, for a compensable accident as if the employer and/or the employee were subject to the act, the policy of compensation insurance constituting a definite contract between all parties concerned." This amendment to the act contemplates that notwithstanding the employer may not come under the act, and notwithstanding the De-

partment of Industrial Relations may not have jurisdiction of the subject-matter to award compensation against the employer, the department has jurisdiction of the subject-matter as respects the employee and the insurance carrier, and where the accident is one which is in its nature compensable under the compensation act in that it arises out of and in the course of the employment, the Department of Industrial Relations has jurisdiction to award compensation, and the employee is entitled, as a matter of law, to compensation against the insurance carrier upon the policy of insurance as a contract between the carrier and the employee. Decisions such as *Hartford Accident & Indemnity Co.* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50), *Murphy* v. *Constitution Indemnity Co.,* 172 *Ga.* 378 (157 S. E. 471), *Parker* v. *Travelers Insurance Co.,* 174 *Ga.* 525 (163 S. E. 159, 81 A. L. R. 472), and *DeKalb County* v. *Grice,* 51 *Ga. App.* 887 (181 S. E. 803), wherein it was held that the Department of Industrial Relations had no jurisdiction to award compensation against the insurance carrier where the department had no jurisdiction of the subject-matter as between the employer and the employee, had reference to the situation obtaining before the enactment of the act approved March 24, 1933, herein referred to. See *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (5, 6) (176 S. E. 104). The accident being a compensable one, the insurance company, by reason of its having issued the policy of compensation insurance to the employer (which, as provided by the terms of the Georgia workmen's compensation act as amended, is a contract with the employer insuring him for a compensable accident), is, as a matter of law, liable to the employee for the compensation to which the employee would be entitled had the employer come under the act. The Department of Industrial Relations had jurisdiction to award the compensation against the insurance company, and the award of compensation in so far as it was made against the insurance company was authorized.