### 29251.  MURRAY *v.* McCONNELL *et al.*

DECIDED MARCH 17, 1942.

*William A. Thomas,* for plaintiff.
*Luther Roberts,* for defendants.

STEPHENS, P. J.  Daisy Murray filed a claim for compensation for the death of her son against Mrs. W. R. McConnell, Camp Cherokee For Boys, a corporation, and Cherokee Lodge, not a corporation. The director of the Industrial Board denied compensation. On appeal to the superior court this finding was affirmed. To this judgment the claimant excepted.

It appears from the evidence that the claimant's son, while in

the employ of Cherokee Lodge, was drowned, and that such was an accident which the claimant claimed arose out of and in the course of the employment. It appears undisputed that Cherokee Lodge, for which the claimant's deceased son was working at the time of his death, did not have regularly employed as many as ten men. As against Cherokee Lodge alone there would be no right to compensation under the workmen's compensation act. In order to establish the fact that the employer of the deceased son had regularly employed ten or more employees which, as respects the number of employees, would bring the case within the compensation act, it would be necessary to establish that Cherokee Lodge and Camp Cherokee constituted one enterprise or business, and together employed ten employees.

It appears from the evidence that Camp Cherokee, by which the claimant's son was not employed, was a corporation, and, as contended by the claimant, was owned by Mrs. W. R. McConnell, who operated it and owned all the funds derived from its profits and suffered all the losses, if any, from its operation. It also appears that while Mrs. McConnell was the sole owner and operator of Camp Cherokee she had contracted to buy and was buying Cherokee Lodge, which was a group of houses across an arm of a lake from Camp Cherokee, where people, including the parents of boys located in Camp Cherokee, were entertained. It is contended by the claimant that Mrs. McConnell had bought Cherokee Lodge with the "corporate funds" of Camp Cherokee. While Mrs. McConnell testified that she was buying Cherokee Lodge, that she had nothing to do with the operation of it but that her daughter operated it, it is insisted by the claimant that Mrs. McConnell collected the moneys from the operation of both Camp Cherokee and Cherokee Lodge, and placed them in her bank account; that she signed all the checks, suffered all the losses, and gained all the profits arising from the operation of both Camp Cherokee and Cherokee Lodge. It is insisted by counsel for the claimant in his brief filed in this court as follows: "We claim that because Mrs. McConnell owned the corporation and owned the lodge in her own name, paid for by corporate funds, that Cherokee Lodge belonged to Mrs. McConnell's corporation by operation of law, 'equity regarding that as done which ought to be done.' In other words, Mrs. McConnell purchased Cherokee Lodge with corporate funds, and 'equity regarding.

that as done which ought to be done,' necessarily Mrs. McConnell holds Cherokee Lodge as a trust for the corporation, Camp Cherokee For Boys."

It appears that Camp Cherokee, which is a corporation owned by Mrs. McConnell as the sole stockholder, is an educational and recreational institution furnishing mental and physical training to young boys; that it has its own separate and exclusive staff of counsellors, instructors, and servants, and its own separate plant and equipment upon its own tract of land; that its staff serves the corporation exclusively, and none of the personnel of the corporation is exchanged or used in common with Cherokee Lodge. It appears that Cherokee Lodge, which is not a corporation, and for which the claimant's son worked at the time of his death, is in the nature of a public inn, with cottages across the lake from Camp Cherokee; and that it entertains guests for pay.

Whether or not Mrs. McConnell operated both Camp Cherokee and Cherokee Lodge, as contended by the claimant, the evidence authorizes the finding that each was operated as a separate and independent business. This is true whether Mrs. McConnell, as contended by counsel for the claimant, held Cherokee Lodge "as a trust for the corporation, Camp Cherokee." In *Carswell* v. *Woodward Bros.,* 38 *Ga. App.* 152 (142 S. E. 907), it was held that where a cotton gin and a planing mill were each operated with power from the same boiler and engine and owned and controlled by the same persons, neither was part of the same business within the meaning of the workmen's compensation act, and that the accident for which compensation was claimed, which occurred at the cotton gin, did not fall within the compensation act because less than ten employees were regularly employed at the cotton gin, and there had been no election by the employer and employees to become bound by the act.

The evidence authorized the finding by the director of the Industrial Board that, irrespective of whether or not Mrs. McConnell owned and operated Cherokee Lodge and Camp Cherokee, each was operated as a separate and distinct business; that the accident for which compensation is claimed arose out of and in the course of the employment of the claimant's son while in the sole employ of Cherokee Lodge, in which less than ten employees were regularly employed; and that, as it does not appear there was any agreement by which the employer and employees came under the compensation

act, the plaintiff was not entitled to compensation.

The judge did not err in affirming the finding of the Industrial Board.  *Judgment affirmed.  Sutton and Felton, JJ., concur.*