30029. SLATEN *et al. v.* TRAVELERS INSURANCE CO. *et al.*

<span style="font-variant: small-caps;">Decided February 10, 1944. Rehearing denied February 22, 1944.</span>

*Woodruff, Ward & Etheridge, Lokey & Bowden,* for plaintiffs. .
*Neely, Marshall & Greene,* for defendants. ·

PER CURIAM. (After stating the above facts.) The question .for determination is whether the Industrial Board, then .administering the workmen's compensation law in this State, had jurisdiction of the claim in the present case.

C. E. Slaten was employed by the Aqua Systems Inc., during the latter part of December, 1940, to take charge of the .pipe work at the Jacksonville Naval Air Base which his employer was then engaged in installing. The contract of employment was verbal, and was made in Jacksonville, Florida, and the employee was to be paid a salary of $55 per week. At that time the Aqua Systems Inc., had jobs in five other states, similar to the one in Jacksonville, and under the contract of hiring, Slaten was subject to be sent to any of the other jobs to which the company might desire to send him. While the employee, now deceased, was on the job at Jacksonville,

his ability was recognized by his employer and he was given larger duties and his salary was increased. From there he was sent on trips to inspect the company's jobs at Macon and Savannah, Georgia, and Parris Island, South Carolina. Later on he was transferred to the job at Candler Field, near Atlanta, Georgia, where he was placed in charge as superintendent, and his salary was increased from $65 to $75 per week. The job at Candler Field required most of his time, but he still made trips to the jobs at Macon, Savannah, and Parris Island, and later to Tullahoma, Tennessee, when his employer obtained that job, and he acted in a supervisory capacity over all of these jobs. He was killed in an accident in Tennessee while on a trip to inspect his employer's job at Tullahoma. The deceased was employed continuously with the Aqua Systems Inc., from the time he went to work for that company in Jacksonville, Florida, until the time of his death in Tennessee. It is true that the extent of his duties, and the scope of his work, was enlarged and his salary increased, but there was only one contract of hiring. The employer was engaged in the installation of underground water systems at Army and Naval air bases and had several of these jobs at different places, and the deceased was employed as superintendent and in a supervisory capacity for these jobs at a certain weekly salary. Each job was a separate or distinct unit, but so far as the deceased employee was concerned he was connected with all of them over which he had supervision by one contract, and that contract was made in Florida.

Under one provision of the workmen's compensation act, as contained in the Code, § 114-411, it is provided: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State, or if the residence of the employee is in this State; provided, his contract of employment was not expressly for service exclusively outside of the State." Under an application of this provision of the act to the facts as contained in the record, the board did not have jurisdiction over the claim, because the contract of employment was made in Florida, and the employment in which the employee was engaged at the time he received the injury which

caused his death was elsewhere than in this State, that is, the accident causing his death arose out of the Tennessee job of employment. The fact that the employee had engaged in work for his employer in Georgia, at Candler Field, which job required the greater portion of his time, would not give the board here jurisdiction of the present claim, because the injury causing the employee's death did not arise out of the Georgia employment. The Supreme Court in answer to a certified question by this court in this case ruled as follows: "As to those employees who have accepted the terms of the workmen's compensation act by the method prescribed in the Code, § 114-201, the bare fact of engaging in work in this State without giving notice of election not to be bound by the act automatically brings the provisions of the act into operation, *in so far as injury arising out of the Georgia employment is concerned,* regardless of where the accident itself may occur. In such circumstances the provisions of § 114-411 have no application, and the execution of a contract of employment within this State is not necessary to entitle them to receive compensation for injuries sustained outside of the State; but as to employees who have agreed to be bound by the act by the method prescribed in § 114-110, and who have not engaged in any work within this State, it is essential that the contract of employment be executed within this State, in order that such employees may receive compensation for injuries sustained while employed outside of the State." *Slaten* v. *Travelers Insurance Co., 197 Ga.* 1 (28 S. E. 2d, 280).

The job at Tullahoma, Tennessee, was separate and distinct from the job at Candler Field, Georgia. The injury causing the employee's death arose out of and in the course of his employment in connection with the Tullahoma job, and the fatal accident he sustained was not connected with his Georgia employment.

Under the facts of this case and the ruling of the Supreme Court in answer to the certified question in this case, the Industrial Board did not have jurisdiction of the claim, and the judge of the superior court did not err in so holding, and in setting aside the award of the board.

*Judgment affirmed. Sutton, P. J., and Felton and Parker, JJ., concur.*