35045.   FIDELITY & CASUALTY COMPANY *et al. v.* SWAIN.

DECIDED JULY 30, 1954.

*John M. Slaton, J. Hugh Rogers,* for plaintiffs in error.
*Osgood O. Williams, R. Beverly Irwin,* contra.

QUILLIAN, J. The sole question presented by the record is whether or not the Georgia Board of Workmen's Compensation had jurisdiction of this claim, it being contended that, under Code § 114-411 and the decision of *Slaten* v. *Travelers Ins. Co.,* 197 *Ga.* 1 (28 S. E. 2d 280) ; 70 *Ga. App.* 665 (29 S. E. 2d 98), the claimant is precluded from seeking benefits in this forum. Code § 114-411 provides as follows: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of the State. . ." Code § 114-201 provides in part as follows: "Every employer and employee, except as herein stated, shall be presumed to have accepted the provisions of this Title, agreeing respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless, prior to any accident resulting in injury or death, notice to the contrary shall have been given in the manner herein provided." In *Slaten* v. *Travelers Ins. Co.,* supra, it was held: "As to those employees who have accepted the terms of the workmen's compensation act by the method prescribed in the Code, § 114-201, the bare fact of engaging in work in this State without giving notice of election not to be bound by the act automatically brings the provisions of the act into operation, in so far as injury arising out of the Georgia employment is concerned, regardless of where the accident itself may occur. In such circumstances the provisions of § 114-411 have no application, and

the execution of a contract of employment within this State is not necessary to entitle them to receive compensation for injuries sustained outside of the State; but as to employees who have agreed to be bound by the act by the method prescribed in § 114-110, and who have not engaged in any work within this State, it is essential that the contract of employment be executed within this State, in order that such employees may receive compensation for injuries sustained while employed outside of the State." In the *Slaten* case, however, the employee, who had a Florida contract of employment, had certain jobs to do in Georgia, and was killed while on another company job in Tennessee, and there was no evidence whatever indicating that there was any connection between the Tennessee project and the Georgia project, or that he performed any work in Georgia in connection with the Tennessee project. In the present case, however, the employee was a field representative for a group of southeastern States, for all of which he kept his office and headquarters in his home in Decatur, Georgia, kept his employer's books, did his correspondence, kept samples, and so on. The selling of the goods of his employer in Alabama and the correspondence and bookkeeping in connection therewith were integral parts each of the other. The sales in Alabama were a part of his employment in keeping the books and carrying on the correspondence, for if there had been no sales or efforts to sell to report, there would have been no need of correspondence in reference thereto. If there had been no sales in Alabama, there would have been nothing to enter upon the books in Georgia, so far as the Alabama employment was concerned. It was obviously necessary that, to accomplish his work in Alabama, it would have been necessary for him to correspond with the home office, and in all probability with customers in Alabama. It was necessary that he maintain headquarters somewhere for this work, all of which was essential to the job he was employed to do, and he kept his headquarters in Georgia, which fact was known to and acquiesced in by his employer. His Georgia work, therefore, contemplated and included making entries in his employer's books, carrying on the correspondence in connection with sales in the other States in his territory equally as much as it did sales within this State. Although the evidence as to the exact amount of work done by

him in his Georgia office is somewhat scanty, the evidence is sufficient to support a reasonable inference that his Georgia employment was connected, at least by his office work and reports, with the particular selling job he was doing in Alabama when he was stricken. It is also reasonably inferable from the evidence that the employee did not, as in the *Slaten* case, have a separate and disconnected employment in each State where he worked, but that he had one connected selling and representation job to do which comprised six States, and that the office and headquarters through which he did this job, except for his personal selling contacts which were maintained by trips to the various distributors, was in Decatur, Georgia. This is also borne out by the testimony of the employer's divisional controller to the effect that Decatur, Georgia, "was more centrally located in his territory and resulted in his travels taking him a shorter distance from his home." Had the employee rented an office in Decatur to perform the book work and correspondence necessary for the job for the entire area, there could be no contention but that his selling in Alabama was "Georgia-connected." That he chose to do the work at his residence instead of at an office does not, in our opinion, affect the status of the employee. Although the finding was not demanded, there was sufficient evidence to sustain the finding of the Board of Workmen's Compensation that under the entire evidence the Alabama employment was not disconnected from the Georgia employment, for which reason the judgment of the Judge of the Superior Court of Fulton County affirming the award was not erroneous.

This case was considered by the whole court under the provisions of the act of March 8, 1945 (Ga. L. 1945, p. 232).

The motion for rehearing having been granted, on rehearing the judgment of reversal previously entered in this case is vacated, the original opinion is withdrawn, and the judgment of the trial court is affirmed and the foregoing opinion substituted for the original opinion filed herein.

*Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment for the sole reason that we are bound by the ruling of the Supreme Court in *Slaten* v. *Travelers Insurance Co.,* supra.