38065. JOHNSON *v.* GREAT SOUTHERN TRUCKING COMPANY.

DECIDED APRIL 6, 1960.

*Adair & Goldthwaite, Clarence J. Jackson,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, John W. Chambers,* contra.

BELL, Judge. The jurisdictional basis for an award by the State Board of Workmen's Compensation is set out in Code §§ 114-110, 114-201, and 114-411. These jurisdictional sections were not clear in their inception but they were collated and integrated by the Supreme Court of Georgia in *Slaton* v. *Travelers Ins. Co.,* 197 *Ga.* 1 (28 S. E. 2d 280). By Code § 114-710 the law of Georgia demands a high respect for the findings of fact made by the State Board of Workmen's Compensation. This section significantly provides:

"The findings of fact made by the members within their power shall, in the absence of fraud, be conclusive, but upon such hearing the court shall set aside the order or decree of the members, if it be found that—

"(1) The members acted without or in excess of their powers;

474

"(2)   The order or decree was procured by fraud;

"(3)   The facts found by the members do not support the order or decree;

"(4)   There is not sufficient competent evidence in the record to warrant the members in making the order or decree complained of; or that

"(5)   The order or decree is contrary to law.

"No order or decree of the Board shall be set aside by the court upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree or decision of the Board so appealed from."

In this case the board, acting within its proper sphere of power, found as factual the following important elements: that the accident which formed the basis of complaint occurred in Alabama; that the complainant at the time of the accident was a resident of Alabama; that the employer had a place of business in Alabama; and that the claimant's base of operation was at Birmingham, Alabama. Under the clear mandates of § 114-710 there is no possible background for upsetting these findings of fact since each conclusion is supported in the record by clear and convincing evidence.

The weakest link in the evidence was in relation to the situs of the contract of employment under which the accident occurred. That the initial employment of the claimant was made in Georgia was admitted. But the record discloses that the evidence as to whether the initial contract was terminated and a new contract of employment entered into in Alabama, although somewhat confused and inarticulate, was adequate enough to justify the finding made by the board that there was no sufficient proof to establish that the contract of employment under which this accident occurred was entered into in Georgia.

The findings of fact of the State Board of Workmen's Compensation show there is no basis for jurisdiction of the claim for compensation herein considered, and the award of the State Board of Workmen's Compensation dismissing for lack of jurisdiction, affirmed by the Superior Court of Fulton County, should be and is hereby affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*