## 50081. SECURITY INSURANCE GROUP et al. v. PLANK.

DEEN, Presiding Judge.

Fred Plank, an employee of Perry G. Smith Co., was killed on a job site in Bartow County, Georgia, where he had been working for some three months. The employer and the employee were residents of Tennessee and the

employment contract had been entered into in Tennessee. The employer, much of whose work was performed in other states, carried a workmen's compensation policy with the appellant insurer which insured its employees in whatever state an employment accident occurred, including Georgia.

A claim was filed by the widow with the Georgia Board of Workmen's Compensation. The hearing director denied the claim because the employer did not have, as required by Code Ann. § 114-107, five or more employees regularly in service in the same business within this state. On appeal the full board reversed, citing Code § 114-607 to the effect that "an insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and an insurer who issues to an employer subject to this Title a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense." The board then awarded compensation, and this decision was affirmed on appeal to the superior court. *Held:*

1. The insurer is estopped, after having extended insurance coverage to nonresident employees of this nonresident company, after an otherwise compensable accident occurs in this state, to defend on the ground that the employer is not subject to the Georgia compensation law generally, or that although subject, it is exempt from its provisions because of the fact that during certain weeks it had less than the required number of employees working in Georgia. It is the clear purpose of Code § 114-607 to provide that coverage, once granted, shall be effectual, although in circumstances where it would not otherwise be obligatory for the employer to come under the Act. Cf. *Hunter v. Employers Liability Ins. Co.,* 54 Ga. App. 197 (187 SE 209), aff. 184 Ga. 196 (190 SE 598).

2. It should further be noted that this is not a "full faith and credit" case, and it is not urged that under Tennessee law, where the contract was made, the Tennessee compensation law would provide an exclusive remedy. In fact, under similar circumstances, Tennessee has recognized that where residence and employment

contract converge in one state, and the accident happens in another, either state may have jurisdiction. U. S. Casualty Co. v. Standard Acc. Ins. Co., 136 SW2d 504. We do not, therefore, have the same questions as those confronting the courts in Bradford Elec. Light Co. v. Clapper, 286 U. S. 145 (52 SC 571, 76 LE 1026, 82 ALR 696), or Alaska Packers Assn. v. Industrial Acc. Comm. of Calif., 294 U. S. 532 (55 SC 518, 79 LE 1044). The statement from pp. 547, 548 of the latter case is, however, applicable: "Prima facie every state is entitled to enforce in its own courts its own statutes, lawfully enacted. One who challenges that right, because of the force given to a conflicting statute of another state by the full faith and credit clause [or for any other reason] assumes the burden of showing, upon some rational basis, that of the conflicting interests involved those of the foreign state are superior to those of the forum. It follows that not every statute of another state will override a conflicting statute of the forum. . .; that the statute of a state may sometimes override the conflicting statute of another, both at home and abroad; and, again, that the two conflicting statutes may prevail over the other at home, although given no extra territorial effect in the state of the other."

It is here stipulated that under the law of Tennessee the widow might have pursued her death claim there and the insurer would not have contested the claim, but that is not the point. Absent a conflict of laws question, is there anything in Georgia law which precludes this claim on the ground that the nonresidence of the parties or the locus contractus militates against it? "The compensation board or commission usually has jurisdiction to award compensation where the injury occurred within the state." 100 CJS 268, 272, Workmen's Compensation, § 425 (e), citing cases to the effect that jurisdiction depends on place of injury rather than place of contract or residence. That this is ordinarily the more reasonable rule is evidenced by the fact that the witnesses are usually in the state of injury, as are doctors, hospitals and others whose rights may be affected by the result of the litigation. The jurisdiction of the board extends in Georgia to employees other than those expressly

excluded, and "employee" under Code Ann. § 114-101 means "every person in the service of another" except as exempted. Under Code Ann. § 114-103 the remedy thus granted is exclusive. Under Code Ann. § 114-110, "Every contract of service between any employer and employee covered by this Title, written, oral, or implied, shall be presumed to have been made subject to the provisions of this Title, except those persons and employment listed in section 114-107." As we have seen, the Georgia coverage of workmen placed the employer under the Act. We are dealing here with jurisdiction in Georgia, and not exclusively of jurisdiction. Under Georgia law, jurisdiction in the broad sense attaches when an employee sustains an accidental injury in this state, and nothing in the law prohibits such jurisdiction because of residence or contract in another state. The rule is of course otherwise where the accident occurs in another state. Code § 114-411.

We are urged to find that the "balancing of interests" approach delineated in Fleet Transport Co. v. Ins. Co. of North America, 340 FSupp. 158, be applied so as to reach a conclusion that, the residence and contract components of the case originating in Tennessee, its interest in the claim is greater than that of Georgia. While there may be situations in which such a conclusion would be preferable, we find no overriding reason for such a conclusion here, in view of the legislative framework of the Act, which gives effect to residence and contract only where the accident occurred outside the state.

The superior court properly affirmed the award of the full board granting compensation.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

Argued January 14, 1975 — Decided January 30, 1975.

*Savell, Williams, Cox & Angel, John M. Williams, Cullen Hammond,* for appellants.

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellee.