## 57519. AETNA CASUALTY & SURETY COMPANY et al. v. SUITS.

BIRDSONG, Judge.

This is a workers' compensation case in which an award was granted to the claimant-appellee by the Board. The superior court affirmed and the employer-insurer has appealed from that judgment. *Held:*

This case concerns an application of Code § 114-411. It provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, and if the employer's place of business is in this state or if the residence of the employee is in this State: Provided, his contract of employment was not expressly for service exclusively outside of the State: Provided, however, that if an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Title."

The parties stipulated that the contract of employment was in Georgia, the appellee-claimant's residence was in Tennessee, and the accident occurred in Tennessee. The only question was whether the appellant-employer's place of business was in Georgia.

The evidence shows that appellant was a contract carrier hauling brick and block for a third party which the latter produced at its Cohutta, Georgia plant. The appellant's main headquarters was in Manchester, Tennessee. Appellant's son was in charge of his Cohutta operation. Appellant regularly kept four trucks in Cohutta for transporting the third party's products. The four vehicles were licensed in Georgia and fueled and dispatched from Cohutta by appellant's son. Appellant's son testified that he stayed in a mobile home located in Georgia during the work week where he conducted appellant's operations which included issuing payroll checks to the operators of the four vehicles and tabulating and maintaining other business records pertaining to appellant's transportation business.

The board found as fact based on the above evidence that appellant had a place of business in this state sufficient to satisfy the requirement of Code § 114-411. The evidence authorizes this finding of fact. Appellants rely on certain decisions of this court and the Supreme Court which concerned jurisdictional questions of

whether a non-resident corporation had sufficient contracts in Georgia to authorize the conclusion that it was conducting business in this state. All are factually distinguishable from the instant case. Lastly, the board did not erroneously rely on *Fidelity &c. Co. v. Swain,* 90 Ga. App. 615 (83 SE2d 345). While the holding in the *Swain* case concerned Code § 114-201 which has since been repealed, there is dictum in the opinion which still has application to the instant case on the issue of sufficient Georgia contracts to show that appellant did have a place of business in this state. As the evidence authorized the findings of fact and the award, we are bound to affirm. *Howard Sheppard v. McGowan,* 137 Ga. App. 408 (224 SE2d 65).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 4, 1979 — DECIDED MAY 14, 1979.

*Kinney, Kemp, Pickell, Avrett & Sponcler, Maurice M. Sponcler, Jr.,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Stephen L. Goldner,* for appellee.