64374. ROADWAY EXPRESS, INC. v. WARREN.

POPE, Judge.
This is a discretionary appeal by Roadway Express, Inc. from the order of the superior court below affirming the award of workers' compensation benefits to appellee Lawrence G. Warren.

Appellee was employed by appellant in 1963 as a truck driver operating out of Atlanta. In 1967 appellee was injured in an accident in the course of his employment. He obtained workers' compensation from the State of Tennessee from 1967 to 1971, during which time he did not work for appellant. Appellee returned to work for appellant in 1971 as a truck driver operating out of Nashville, Tennessee. In 1978 appellee was again injured in an accident, this time in Indiana. He

applied for and received Tennessee workers' compensation until October, 1979. Appellee thereafter applied for workers' compensation from Georgia, and it is the award of those benefits which appellant here challenges.

1. Because the injury-producing accident occurred outside of Georgia, the controlling jurisdictional statute is Code Ann. § 114-411. This section provides that a claimant is entitled to workers' compensation in Georgia if he was injured in an accident occurring outside the state which was such that it would entitle him or his dependents to compensation had it happened within the state. The section further provides a number of limitations: (1) The contract of employment must have been made in Georgia; (2) The employer's place of business or the employee's residence must be in Georgia; (3) The contract of employment must not be expressly for service exclusively outside Georgia; and (4) If the employee has received compensation from another state for the injuries sustained in the accident, the sum of the compensation received from the other state together with the compensation subsequently awarded in Georgia may not exceed the maximum compensation allowed under the Georgia Workers' Compensation Act. Code Ann. § 114-411.

Appellant contends that none of the jurisdictional requirements of Code Ann. § 114-411 have been met and therefore the Board has erred in exercising jurisdiction. We, of course, accord considerable deference to the Board and it is under this limited standard of review that we judge appellant's contentions. See Code Ann. § 114-710 and annotations thereto.

2. Appellant first challenges the finding that the contract of employment was made in Georgia. It is undisputed that appellee became employed by appellant in 1963 in Georgia. Appellant, however, claims that appellee's return to work in 1971, after a four year break, was pursuant to a new contract made not in Georgia, but in Tennessee. Alternatively, appellant asserts that a novation of the 1963 contract occurred in 1971 in Tennessee. Appellant bolsters its claim with the argument that appellee's acceptance of Tennessee workers' compensation benefits constitutes an admission by appellee that his employment since 1971 was pursuant to a contract entered into in Tennessee.

Appellee, on the other hand, draws our attention to appellant's own employment form indicating appellee's employment status to be "return to work from extended sick leave" and "reinstatement" rather than "new hire" or "re-hire." Additionally, appellee points out that he never lost any seniority, despite the four years out of work.

Our review of the record convinces us that the contentions of both parties have merit. There is evidence supporting both positions.

In situations such as this, the "any evidence" rule mandates that we respect the findings made by the Board. *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476 (1) (233 SE2d 810) (1977); *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976); *Johnson v. Great Southern Trucking Co.,* 101 Ga. App. 472 (114 SE2d 209) (1960). Therefore, regardless of the fact that the Board arguably could have ruled in favor of appellant, we hold that the evidence supports the finding that appellee's employment with appellant was pursuant to the 1963 contract made in Georgia.

3. Appellant's contentions regarding the second and third conditions of Code Ann. § 114-411 also fail under the "any evidence" test. Appellant's contention that it did not have a place of business in Georgia is defeated by its own stipulation that it was "a qualified self-insurer in Georgia, generally subject to the Act in Georgia" and, in addition, testimony authorizing the conclusion. See *Aetna Cas. &c. Co. v. Suits,* 150 Ga. App. 35 (256 SE2d 645) (1979).

Appellant's final jurisdictional attack is the contention that appellee was employed expressly for service exclusively outside of Georgia. Although appellant has ably shown that appellee's driving was nearly entirely outside of the state, this falls short of "exclusively" as provided in § 114-411.

4. The next challenge presented by appellant is that Georgia law was erroneously applied below. Appellant asserts that, under conflict of laws principles, Tennessee law should have been applied. "Conflict of laws . . . constitutes that field of law which determines whether foreign law should or should not be given effect or enforced." 15A CJS 367, Conflict of Laws, § 1 (2). "The laws of other states have no force in Georgia except on principles of comity and so long as their enforcement 'is not contrary to the policy of this State.' [Code Ann.] § 102-110 (9)." Gulf Collateral, Inc. v. Morgan, 415 FSupp. 319, 321 (S. D. Ga. 1976); *Shore Acres Properties, Inc. v. Morgan,* 44 Ga. App. 128 (4) (160 SE 705) (1931).

The last clause of Code Ann. § 114-411 provides that "if an employee shall receive compensation or damages under the laws of any other State, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Title." This statute contemplates the possibility of a workers' compensation award in Georgia subsequent to an award in another state. Georgia law is thus in accord with the Restatement position: "Relief may be awarded under the workmen's compensation statute of a State of the United States, although the statute of a sister State also is applicable." 1 Restatement, Second, Conflict of Laws § 182. "Generally speaking, an award already had under the compensation act of one state will not bar an award under

an applicable act of another state which has an adequate interest in the subject matter, but the amount paid on the first award may be credited on the second award." 99 CJS 148, Workmen's Compensation, § 22b; Industrial Commission v. McCartin, 330 U. S. 622 (67 SC 886, 91 LE 1140) (1947).

Appellant relies on two Tennessee cases holding that when a choice of law is available and the claimant chooses the law of another state, he has made an irrevocable election and cannot later apply for compensation under Tennessee law. True v. Amerail Corp., 584 SW2d 794 (Tenn. 1979); Tidwell v. Chattanooga Boiler &c. Co., 163 Tenn. 420 (43 SW2d 221) (1931). We can readily see Tennessee's interest in preventing a party from seeking to obtain benefits under Tennessee law after the party has been awarded benefits in another state for the same injury. We do not, however, see any significant interest on the part of Tennessee in preventing Georgia from giving one of its (Tennessee's) residents a supplemental compensation award after the resident has received some compensation from Tennessee. Even if Tennessee's interest in the latter case may be considered to be significant, our legislature has spoken to the significance of Georgia's interest in this situation in the language of Code Ann. § 114-411. That section, as explained supra, provides for supplemental awards so long as the sum of the awards from Georgia and the other state do not exceed the maximum allowed by the Georgia act. We conclude, therefore, that the Georgia legislature intended the Georgia Workers' Compensation Act to apply when jurisdiction is invoked under Code Ann. § 114-411, and general conflict of laws principles do not require the State Board of Workers' Compensation or the courts of this state to apply any other law besides the Georgia Workers' Compensation Act in proceedings under that section. See Security Ins. Group v. Plank, 133 Ga. App. 815 (2) (212 SE2d 471) (1975).

5. Appellant also contends that appellee was barred from recovery in Georgia under the Full Faith and Credit Clause of the United States Constitution. Appellant argues that our State Board of Workers' Compensation was required to have given full faith and credit to the Tennessee decision which found appellee no longer entitled to workers' compensation benefits.

In this case, appellee received Tennessee workers' compensation benefits for approximately one year. These benefits ceased when appellee was determined to be no longer disabled under Tennessee law. Is this Tennessee decision entitled to full faith and credit in Georgia so as to bar recovery under this state's Workers' Compensation Act? We are not persuaded that the relevant case law, applying the Full Faith and Credit Clause, requires such a result. In

our view, the more reasonable interpretation is that the Georgia Board is not precluded from applying the Georgia Workers' Compensation Act when jurisdiction has been properly invoked thereunder, notwithstanding an award properly made in a sister state. The United States Supreme Court is in general agreement with this position.

In Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U. S. 493 (59 SC 629, 83 LE 940) (1939), the issue presented was whether the Full Faith and Credit Clause precluded California from applying its own workers' compensation act, instead of the Massachusetts act, where a Massachusetts employee of a Massachusetts employer was injured in California in the course of his employment. 306 U. S. at 497. The Court opined that to the extent California would be required to apply the conflicting Massachusetts law, "it must be denied the right to apply in its own courts its own statute, constitutionally enacted in pursuance of its policy to provide compensation for employees injured in their employment within the state. It must withhold the remedy given by its own statute. . . . We cannot say that the full faith and credit clause goes so far." 306 U.S. at 501. While the case itself is distinguishable from the case at bar, the underlying reasoning is apposite. The case follows, and reaffirms, the case of Alaska Packers Assn. v. Industrial Accident Commission, 294 U. S. 532 (55 SC 518, 79 LE 1044) (1935). In that case, the issue was whether California could apply its workers' compensation act to the claim for compensation by a non-resident alien who contracted in California for employment in Alaska and was injured in the latter state. The Court held that California could apply its own law. 294 U.S. at 550; see generally id. at 540-50. The Court determined that the California act did not purport to have any extraterritorial effect, but was designed to provide a remedy for injuries received in the course of employment entered into within the state, wherever they may occur. Id. at 540. Compare Bradford Elec. Light Co. v. Clapper, 286 U.S. 145 (52 SC 571, 76 LE 1026) (1932), which is fully reviewed in Alaska Packers Assn., supra. Compare also Industrial Commission v. McCartin, supra, with Magnolia Petroleum Co. v. Hunt, 320 U.S. 430 (64 SC 208, 88 LE 149) (1943). See also Carroll v. Lanza, 349 U.S. 408 (75 SC 804, 99 LE 1183) (1954).

Most of these cases were re-examined by the Supreme Court in Thomas v. Washington Gas Light Co., 448 U.S. 261 (100 SC 2647, 65 LE2d 757) (1980). In that case, a resident of the District of Columbia, who had been hired in the District of Columbia by a firm principally located there, was injured on the job in Virginia. He applied for and received workers' compensation benefits from Virginia. He later applied for and was awarded supplemental benefits from the District

of Columbia, but the decision was reversed by the United States Court of Appeals for the Fourth Circuit. The Supreme Court reversed the Fourth Circuit, holding (in a divided opinion) that the Full Faith and Credit Clause did not preclude the supplemental award of benefits.

While these cases are factually distinguishable from the case at bar, we find them analogous. We further find that these cases are in general agreement with the Restatement position. See also Allstate Ins. Co. v. Hague, 449 U. S. 302 (101 SC 633, 66 LE2d 521) (1981). Accordingly, we conclude that the Full Faith and Credit Clause did not bar appellee's claim for benefits under the Georgia Workers' Compensation Act.

6. Appellant also contends: "By not treating the prior award of compensation entered into in Tennessee as though it were a final judgment entered by a court of competent jurisdiction, the State Board of Workers' Compensation unconstitutionally treated a compensation award differently than a judgment entered in a civil action in a court of law. As such, litigants in a [workers'] compensation matter and litigants in a civil court matter have been treated differently." This contention has been resolved adversely to appellant by the United States Supreme Court in Thomas v. Washington Gas Light Co., supra. See generally 4 Larson, Workmen's Compensation Law, § 85.60.

7. Appellant's next contention is that the evidence does not support the Board's finding of disability. Appellant extracts from the record a volume of evidence assertedly negating the Board's finding. Appellee, on the other hand, points to evidence assertedly authorizing the finding. Under the "any evidence" test, that is enough. We will not reweigh the conflicting evidence, but only ensure there was some evidence to support the findings below. See Division 2, supra.

8. Appellant's final contention is that it is entitled to a credit for all benefits received by appellee under the Tennessee award. We agree. Code Ann. § 114-411 expressly mandates that this be done. We also find that the Board's award, taken together with § 114-411, provides for the credit.

Appellant further argues that the award is deficient in that it makes no provision for benefits authorized but not yet received by appellee under Tennessee law. This argument has no merit. Code Ann. § 114-411 prevents appellant from being subject to double liability and the Board is without authority to execute an award in contravention of this statute. We see no need for such a proscription to be written into the Board's award.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided September 16, 1982 —
Rehearing denied October 6, 1982 — 

*David M. Holliday, Alfred B. Adams III, Daniel A. Angelo,* for appellant.
*John W. Winborne III, Noble E. Pepper,* for appellee.