## 68353. KARIMI v. CROWLEY et al.
(324 SE2d 583)

CARLEY, Judge.

Appellant was injured in the course of his employment on a construction project in Phenix City, Alabama. Both appellant and appellee Crowley, who was appellant's co-employee and the supervisor of the Phenix City job, are Georgia residents. Appellee Williams Construction Company, which was the general contractor of the Alabama job, is a Georgia corporation, as is the subcontractor who was appel-

lant's immediate employer. After appellant was injured in Phenix City, a Georgia workers' compensation claim was filed on his behalf and he received benefits pursuant to Georgia workers' compensation laws. See OCGA § 34-9-242. Thereafter, appellant filed the instant tort suit against appellees and others. The trial court granted appellees' motions for summary judgment, apparently on the basis that appellant's claims against them were barred by § 34-9-11. Appellant appeals.

Appellant asserts that the trial court erred in basing its ruling upon Georgia law. Appellant contends that, since Georgia adheres to the rule of *lex loci delicti*, Alabama law governs the instant tort suit. Alabama law was pled and proved in the lower court.

It is true that Georgia generally adheres to the traditional choice of law system, under which tort actions are adjudicated according to the law of the place where the wrong occurred. *Sargent Industries v. Delta Air Lines*, 251 Ga. 91 (303 SE2d 108) (1983); *Wardell v. Richmond Screw Anchor Co.*, 133 Ga. App. 378 (210 SE2d 854) (1974). However, " '[t]he laws of other states have no force in Georgia except on principles of comity and so long as their enforcement "is not contrary to the policy of this State." [Cit.]' [Cits.]" *Roadway Express v. Warren*, 163 Ga. App. 759, 761 (295 SE2d 743) (1982). " 'Prima facie every state is entitled to enforce in its own courts its own statutes, lawfully enacted. One who challenges that right, because of the force given to a conflicting statute [or law] of another state by the full faith and credit clause [or for any other reason] assumes the burden of showing, upon some rational basis, that of the conflicting interests involved those of the foreign state are superior to those of the forum. It follows that not every statute [or law] of another state will override a conflicting statute of the forum . . .; that the statute of a state may sometimes override the conflicting statute [or law] of another, both at home and abroad . . . .' " *Security Ins. Group v. Plank*, 133 Ga. App. 815, 817 (212 SE2d 471) (1975). Thus, even though appellant's injury was incurred in Alabama, the courts of this State will apply Alabama law as the *lex loci* only to the extent that such application would not offend the public policy of Georgia.

One of the main objects of Georgia's workers' compensation law is to enable an employee who is injured in the course of his employment to recover remuneration from his employer without regard to questions of negligence or assumption of risk, thus assuring the employee of some compensation for the injury, and assuring the employer that his liability will be limited. *Horn v. Planters' Prods. Co.*, 40 Ga. App. 787 (151 SE 552) (1929). The remedy afforded an injured employee by this law is exclusive, and precludes the application of those remedies which were formerly available at common law. Where the Workers' Compensation Act is operative, an employee has no in-

dependent right of action against his employer or any other person who is statutorily insulated from suit. OCGA § 34-9-11. This exclusivity feature of the Act obtains even where the employee is injured outside of this State, and benefits for that injury are recoverable pursuant to OCGA § 34-9-242. *Hockmuth v. Perkins*, 55 Ga. App. 649 (191 SE 156) (1937).

The exclusivity concept codified in OCGA § 34-9-11 embodies and implements a major policy consideration underlying our workers' compensation law. See generally *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981); *Freeman v. Ryder Truck Lines*, 244 Ga. 80 (259 SE2d 36) (1979); *Haygood v. Home Transp. Co.*, 244 Ga. 165 (259 SE2d 429) (1979); *Williams v. Byrd*, 242 Ga. 80 (247 SE2d 874) (1978). This court is without authority to decide this case on the basis of the otherwise applicable *lex loci* rule, since to do so would be contrary to the policy made manifest by the Supreme Court. Here, as in *Roadway Express v. Warren*, supra at 762, we conclude that the legislature intended the Georgia Workers' Compensation Act to apply where benefits are payable under OCGA § 34-9-242, and that "general conflict of laws principles do not require . . . the courts of this state to apply any other law besides the Georgia Workers' Compensation Act" in proceedings such as this tort suit instituted by appellant. A different result is not required by the holdings in *Sargent Indus.*, supra, and *Wardell*, supra. Neither of those cases involved the exclusivity aspect of the Workers' Compensation Act or any other compelling public policy matter which would override the application of the traditional principle of *lex loci*.

Accordingly, we find that the trial court correctly applied Georgia law in the instant case, and that it properly held that appellant's suit against appellees is barred by OCGA § 34-9-11.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 28, 1984.

*J. Philip Day*, for appellant.

*D. Ray McKenzie, Jr., Jerry Willis, Ronald W. Self, W. G. Scrantom, Jr., William C. Carter*, for appellees.