MANAGEMENT SCIENCE AMERICA,
INC., Plaintiff,

v.

NCR CORPORATION, Defendant.

Civ. A. 1:88–CV–1274–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 25, 1991.

Charles E. Campbell, James David Dantzler, Jr., Virginia Boyd Peterson, Hicks, Maloof & Campbell, Atlanta, Ga., for plaintiff.

Celeste McCollough, John L. Taylor, Jr., Vincent, Chorey, Taylor & Feil, Warren Josephson, UAW–GM Legal Services Plan, Atlanta, Ga., John R. Ackermann, Jr., NCR Corp., Dayton, Ohio, for defendant.

## ORDER

FORRESTER, District Judge.

At the conclusion of oral argument on summary judgment motions, this court instructed the parties to file additional briefs on the choice of law issues related to defendant/counterclaimant NCR Corporation's (hereinafter "NCR") claims against plaintiff Management Science America, Inc. (hereinafter "MSA") for fraud and misrepresentation.[1] The requested briefs have been filed with the court and the choice of law issues are now ripe for review.

■ In determining choice of law issues, the district court sitting in diversity must apply the substantive law of the forum state. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941).

---

1. It is undisputed that Georgia law controls NCR's breach of contract counterclaims as well as all of MSA's claims against NCR.

For claims sounding in tort, Georgia continues to apply the traditional choice of law principles of *lex loci delicti*. *See Karimi v. Crowley*, 172 Ga.App. 761, 762, 324 S.E.2d 583 (1984). Under this system, the law of the place where the injury occurred, rather than the place where the act was committed, determines the substantive rights of the parties. *See Risdon Enter., Inc. v. Colemill Enter., Inc.*, 172 Ga.App. 902, 903, 324 S.E.2d 738 (1984). The law of the place where the injury occurred has alternatively been referred to by Georgia courts as "the place where ... there takes place the last event necessary to make an actor liable for an alleged tort". *See id.* (citing *Wardell v. Richmond Screw Anchor Co.*, 133 Ga.App. 378, 380, 210 S.E.2d 854 (1974)); *Best Canvas Products & Supplies v. Ploof Truck Lines*, 713 F.2d 618, 621 (11th Cir.1983). In most instances, "these semantical variances are of no practical consequence," *see Hager v. National Union Elec. Co.*, 854 F.2d 259, 261 (7th Cir.1988), because the actual situs of the injury and the location of the "last event" causing the injury are usually the same. *See, e.g., Risdon*, 172 Ga.App. at 904, 324 S.E.2d 738 (last event necessary to make defendants liable was an airplane crash which occurred in South Carolina, as did plaintiffs' injuries). However, when, as in the instant fraud case, the injury can arguably be said to be sustained in more than one state, application of the *lex loci deliciti* rule becomes much more problematic.[2]

No Georgia state court decision has ever applied the *lex loci deliciti* rule to the tort of fraud or misrepresentation. Plaintiff cites the old Fifth Circuit case of *Hertz Corp. v. Cox*, 430 F.2d 1365 (5th Cir.1970), as support for its contention that the law of the place of the alleged misrepresentation governs resolution of the substantive issues raised in a fraud claim. In *Hertz*, the plaintiff brought suit against Hertz in the Northern District of Georgia, alleging that Hertz fraudulently advertised in the United States that its rental fee included proper insurance. *See id.*, at 1368. The alleged misrepresentations by Hertz concerning the availability of rental insurance were made in Georgia and Kentucky, respectively, but the alleged injury to plaintiff as a direct result of said misrepresentations occurred in the Bahamas. *See id.*, at 1370. With little discussion, the Fifth Circuit affirmed the district court's application of Georgia law to the plaintiff's fraud claims. *See id.*, at 1370–71. Citing *Hertz*, MSA argues that in ruling on NCR's fraud claims, this court should likewise apply the law of Georgia—the state where the alleged misrepresentations were made.

MSA's reliance on *Hertz* to support its contention that fraud cases are governed by the law of the place of the misrepresentation is unfounded. Nowhere did the *Hertz* court even suggest that it or the district court applied the traditional *lex loci delicti* rule to the case before it. And although the *Hertz* court may well have favored application of the *lex loci deliciti* rule as argued, the question was not presented for decision and, therefore, *Hertz* is no authority at all for the proposition urged by MSA.

In the absence of any Georgia law on point, this court must look to the case law of other jurisdictions for much needed guidance in the application of the traditional *lex loci delicti* rule to the instant fraud claim. Both Tennessee and Indiana, like Georgia, continue to apply the rule of *lex loci deliciti* in tort actions. *See Hubbard Manufac. Co. v. Greeson*, 515 N.E.2d 1071 (Ind.1987)[3]; *Great American Ins. Co. v.*

**2.** For instance in *Best Canvas,* the defendant filed a counterclaim to recover for water damages allegedly caused by defective tarpaulins used to cover truckloads of lumber products that passed through at least four states. *See,* 713 F.2d at 622. After correctly stating the *lex loci deliciti* rule, the district court applied the law of the place of manufacture because it was near impossible to ascertain the exact location of the defective tarpaulins when the water damage occurred. *Id.* Frequent difficulty in pinpointing the place of actual injury has caused many states, such as Florida, to abandon the *lex loci deliciti* rule in favor of the most "significant relationship" analysis set out in sections 6 and 145 of the Restatement (Second) Conflicts of Law. *See Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999, 1000 (Fla.1980).

**3.** The Indiana Supreme Court has indicated, however, that it will not strictly adhere to the

*Hartford Accident & Indemnity Co.*, 519 S.W.2d 579 (Tenn.1975). Federal courts applying the law of these forums to fraud claims consistently have considered the tort to have been committed in the state where the economic loss occurred and not where the fraudulent misrepresentations were made. *See Mackey v. Judy's Foods, Inc.*, 654 F.Supp. 1465, 1468–69 (M.D.Tenn.1987); *Western Smelting & Metals v. Slater Steel, Inc.*, 621 F.Supp. 578, 583 (D.C.Ind. 1985). In so holding, these courts rely upon the language contained in section 377 of the original Restatement of Conflicts. *See* Restatement of Conflicts of Laws, § 377 (1934). That section provides in relevant part: "When a person sustains loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent misrepresentations were made." *Id.* at n. 4.[4] Since the Restatement's formulation of the *lex loci delicti* rule mirrors Georgia's,[5] this court feels quite comfortable applying its approach to the instant fraud claims.

Having decided to apply the original Restatement's approach to NCR's fraud claims, this court must now determine where the economic losses complained of in this case occurred. The gravamen of NCR's fraud claim is that MSA induced it to sign a joint development and marketing agreement by representing that all the software relevant to the deal was written in a language which NCR could easily convert to run on its own hardware. In fact, the software supplied by MSA was written in a totally different language which was extremely difficult and expensive for NCR to convert. NCR asserts that it lost approximately seven million dollars attempting to convert MSA software for use on NCR equipment at its headquarters in Dayton, Ohio. NCR further asserts that it lost millions of dollars of profits from potential hardware sales which never materialized because of its inability to perfect the conversion.

Since the economic impact of the fraud was suffered principally in Ohio, NCR contends that Ohio law should govern the substantive fraud issues in this case. MSA, on the other hand, argues that the law of the place of misrepresentation should still govern because to the extent that NCR suffered any loss as a result of MSA's alleged fraud, said losses were not limited to Ohio, but would include any state from which a potential sale was lost.

Without question, NCR's conversion-related losses were suffered in Ohio, where its conversion team labored from 1984–88. Thus, the law of Ohio properly governs this aspect of the fraud claim. The question of where NCR suffered its lost profits is a bit more difficult. While the lost sales may well be traceable to a number of different states, this court concludes that the "economic impact" of the alleged misrepresentations is suffered in Ohio, where NCR books its profits from all incoming sales. Since NCR's economic losses occurred in Ohio, this court also must apply Ohio law to this aspect of the fraud claim, notwithstanding the fact that these losses potentially can be traced to a number of different states.

Having failed to convince this court that the *lex loci delicti* is the law of the place of the misrepresentations, MSA next argues that "Georgia law [should apply] to NCR's fraud claims regardless of the results of an analysis of Georgia's conflict of law rules." Plaintiff's Brief in Response to NCR's Memorandum Regarding Choice of Law Issues, at p. 2. In support of this contention,

---

preferred *lex loci deliciti* rule in cases where the place of the tort bears little connection to the underlying legal action. In such instances it will resort to a significant contacts analysis. *See Hubbard*, 515 N.E.2d at 1073–74.

**4.** The Restatement also provided the following illustrations: (1) A, in state X, makes false representations by letter to B in Y, as a result of which, B sends certain chattels from Y to A, in X. A keeps the chattels. The place of the wrong is in state Y where B parted with the chattels; (2) A, in state X, owns shares in the M company. B, in state Y, fraudulently persuades A not to sell the shares. The value of the shares falls. The place of wrong is X. *See,* Restatement of Conflict of Laws, § 377, n. 4 (1934).

**5.** Both Georgia and the original Restatement define the place of the wrong as the state where the last event necessary to make the actor liable takes place.

M.S.A. cites the case of *Ryder Truck Lines, Inc. v. Goren Equip. Co.*, 576 F.Supp. 1348 (N.D.Ga.1983) (Ward, J.), for the proposition that even where Georgia's conflict of law rules dictate that the law of a sister state should apply, a district court sitting in diversity should apply Georgia law to resolve substantive issues of fraud, as these issues implicate important matters of public policy in Georgia. In *Ryder*, a defendant who had been sued for breach of contract by a used engine dealer in the Northern District of Georgia counterclaimed alleging actionable fraud and duress in the creation of the contract. *See id.*, at 1351. The underlying contract contained a choice of law provision stating that Florida law governed the substantive rights of the parties. *See id.*, at 1354. Plaintiff dealer moved for summary judgment as a matter of law on both the fraud and duress claims. *See id.*, at 1351. In deciding whether Florida or Georgia law should govern adjudication of the fraud and duress claims presented, the *Ryder* court noted that Georgia law allowed parties to a contract to stipulate that the law of a particular state governed their agreement and that such provisions should be enforced unless a contrary public policy appears. *See* 576 F.Supp. at 1354. Finding "contracts procured by fraud and/or duress ... contrary to the fundamental policy of the state of Georgia," *id.*, the *Ryder* court applied Georgia law in resolving the issues of fraud and duress, notwithstanding the parties' express agreement to look to Florida law. *See id.*

In *Ryder*, Judge Ward was deciding a case in which the parties had agreed by contract that Florida law would govern their substantive contract rights. Citing the state of Georgia's special interest in contracts allegedly procured by fraud and/or duress, the *Ryder* court refused to honor the parties' choice of law. Since this case does not involve a forum selection clause, MSA's reliance on *Ryder* is misplaced.

In the instant case, Georgia's conflict of law rules clearly mandate the application of Ohio law to NCR's fraud claims. Accordingly, this court will look to Ohio law to resolve all substantive issues related to NCR's fraud claim.

SO ORDERED.